F. L. PASCHAL AND WIFE V. CUSHMAN & CO. AND OTHERS.

Where suit was brought to subject to the payment of a judgment the home-stead of the defendants, to the extent of its value above the exemption allowed by law, and there was a general denial by the defendants of the allegations of the petition, and the jury, in their special verdict, failed to find the fact that the judgment was rendered as alleged in the petition ; *held*, that a decree condemning the property to sale is not sustained by the verdict, and is consequently erroneous.

In cases of this character, where the debt for which the judgment was rendered was contracted since the adoption of the State constitution, and prior to the act of February 2, 1860, defining the " homestead in a town or city," the correct rule in rendering the decree is to condemn the lot and improvements to sale for the payment of the judgment in whole or in part, subject to an allowance to the defendant of $2,000 out of the proceeds of the sale. And where the wife of the defendant has expended her separate funds upon the improvements, she is entitled to an allowance of the amount so expended, out of the proceeds of the sale.

The case of North v. Shearn, 15 Tex. R., cited and approved.

APPEAL from Bexar. Tried below before the Hon. Thomas J. Devine.

This action was brought by Cushman & Co., to subject the excess of the homestead of Paschal and wife, in the city of San Antonio, over and above the constitutional exemption of $2,000, to the payment of a judgment against F. L. Paschal and his part-ner in trade, rendered by the Bexar District Court, on December 8th, 1852. The petition alleged the insolvency of Paschal and his co-defendant in the judgment.

The defendants answered with a general denial, and Frances Paschal, the wife of F. L. Paschal, alleged that she had expended upon the improvements of the homestead the sum of $600, of her own separate money, which she prayed might be decreed to her out of the proceeds of the sale.

The court below directed the jury to return a special verdict in response to the issues specified in the charge ; which verdict, as also the decree of the court thereon, is set forth in the opinion.

*T. N. Waul, I. A. & G. W. Paschal,* for appellants.

*S. G. Newton,* for appellees.

ROBERTS, J. Appellees brought suit against appellants to subject their homestead to the payment of a judgment rendered against the husband. Appellants filed a general denial, which put the appellees upon the proof of their judgment and of other facts stated in the petition necessary to obtain a decree in their favor. The jury, under the direction of the court, rendered a special verdict, which is as follows : " We, the jury, find that the plaintiffs have proven the insolvency of Daniel Richardson and F. L. Paschal. 2d. We put the value of the house and improvements of F. L. Paschal at the sum of thirty-two hundred dollars. 3d. We, the jury, value the lot of F. L. Paschal at eight hundred dollars. 4th. We believe that Mrs. Frances Paschal paid the sum of six hundred dollars towards the construction of the homestead."

This verdict is not sufficient to sustain the decree, inasmuch as the fact is omitted that appellees had recovered a judgment, &c., as alleged in the petition.

The judgment is erroneous upon another ground. Instead of requiring an appraisement, and decreeing to Paschal and wife the  appraised value of the lot, and five hundred dollars of the value of the improvements, and the appointment of a trustee for Mrs. Paschal's interest, &c., the court should have rendered a decree subjecting the lot, with the improvements thereon, to sale, for the payment of the judgment in whole or in part, subject to an allowance out of the proceeds of such sale of two thousand dollars, to Paschal and wife, and of six hundred dollars to Mrs. Frances Paschal, according to the rule laid down by this court in the case of North v. Shearn, 15 Tex. R., 175.

We are of opinion that such is the correct rule in cases wherein the debt has been contracted since the adoption of the State constitution, and previous to the late act of the Legislature, of the 2d of February, 1860, entitled, " An Act to define the Homestead in a Town or City." We do not think the rule laid down in this act can control our decision in this case. Such a construction would make it a retroactive law. (§14, Bill of Rights.)

The judgment must be reversed, and the cause remanded for a new trial.

Reversed and remanded.