# MARCH, 1917

---

CHICAGO, ROCK ISLAND & GULF RAILWAY COMPANY v. ROLLA DeBORD.

No. 2461. Decided March 7, 1917.

### 1.—Master and Servant—Assumed Risk—Charge.

As presenting the common law doctrine of assumed risk a charge that plaintiff did not assume any risks or dangers caused by the negligence of defendant was erroneous, there being evidence that he knew of the negligence and the risk. (Pp. 23, 24.)

### 2.—Same—State and Federal Statutes.

Under the Texas statute (Rev. Stats., art. 6645) where the master has knowledge that a structure maintained by him is dangerous, the servant does not, by reason of his knowledge of the same fact, assume the risk. But the rule as to employes in interstate commerce, under the Federal statute, is otherwise, it leaving the common law unchanged except where the master's negligence consists in violation by him of a statutory requirement. (P. 24.)

### 3.—Same—Interstate Commerce.

The claim of a brakeman employed on an interstate road and train and injured while engaged in placing a car of coal upon the chutes used for coaling

engines at a station in Texas, by collision with a structure negligently built dangerously near the track, is governed by the Federal statute (U. S. Comp. Stats., 1893, secs. 8657-8665) which makes the common law rule as to assumed risk applicable, and not by the Employers' Liability Act of Texas, which excludes that defense where the danger of the structure was known to the master. (Pp. 24, 25.)

#### 4.—Master and Servant—Interstate Commerce—Conflict of Laws.

The State law on the subject of risks assumed by a servant must yield to that of the Federal Government where the injury is to one engaged in interstate commerce, that field having been occupied by the Act of Congress. (P. 24.)

#### 5.—Same—Pleading—Waiver.

Requesting instructions applying the statutory law of the State, instead of the Federal statute preserving the common law rule, was not a waiver of defendant's right to have the case tried under the latter rule, where the trial court, refusing such instructions, attempted to charge in accordance with the common law, and did so erroneously. The court was not in such case misled by the requested charges. (Pp. 25, 26.)

#### 6.—Same.

Where the pleadings and proof of both plaintiff and defendant presented facts showing that plaintiff was injured while employed by defendant in interstate commerce, it was not necessary for the latter to plead the Federal Employer's Liability Act as the law governing plaintiff's right to recover. (P. 26.)

Error to the Court of Civil Appeals for the Seventh District in an appeal from Potter County.

DeBord sued the railway company and had judgment. It was affirmed on appeal by defendant (146 S. W., 667), who thereupon obtained writ of error.

*Hiram Glass, N. H. Lassater, Robert Harrison,* and *Turner & Wharton,* for plaintiff in error.—The charge is error because the plaintiff assumes a risk of which he knows, even though it is caused by the defendant's negligence. The charge is calculated to lead the jury to believe that if the defendant was negligent in building the bins as they were built, the plaintiff did not assume the risk, even though he was fully aware of all the conditions at this place, and of the dangers thereof. Railway Co. v. Hannig, 91 Texas, 347; Railway Co. v. Bingle, 91 Texas, 287, 42 S. W., 971; Bonnet v. Railway Co., 89 Texas, 72, 33 S. W., 335; Freeman v. Powell, 144 S. W., 1033; Freeman v. Irving, 136 S. W., 810.

Plaintiff was engaged in interstate commerce when injured, and his right to recover must be under the Federal Employers' Liability Act, which, under the facts shown, applies the common law rule as to assumed risks. New York C. & H. Ry. Co. v. Carr, 238 U. S., 260; Pennsylvania Co. v. Donat, 239 U. S., 50; North Carolina R. R. Co. v. Zachary, 232 U. S., 248; St. Louis, S. F. & T. Ry. Co. v. Seale, 229 U. S., 156; Pederson v. Del., L. & W. R. Co., 229 U. S., 146; St. Louis, I. M. & S. R. Co. v. Taylor, 210 U. S., 293; Seaboard A. L. R. Co. v. Horton, 233 U. S., 492; Toledo, St. L. & W. R. Co. v. Slavin, 236 U. S., 454; Mondou v. New York, N. H. & H. R. Co., 223 U. S., 1.

*Williams & Stedman, C. B. Rector,* and *J. B. Dooley,* for defendant in error.—A servant of a railroad company does not assume the risks arising from negligent defects and dangers of which he is cognizant, where the company is also aware of such defect or danger. Laws 1905, chap. 163, p. 368; M., K. & T. Ry. v. Bailey, 115 S. W., 601, 607; Street on Personal Injuries in Texas, secs. 268-270, inclusive.

In cases involving injuries to servants of railroads, where such injuries are attributable to the wrong or negligence of the company, the defense of "assumed risks" has been merged with that of "contributory negligence." Same as above and in addition, St. Louis & S. F. Ry. Co. v. Mathis, 101 Texas, 342, 107 S. W., 530; T. & N. O. Ry. Co. v. Barwick, 110 S. W., 953; Rice & Lyon v. Lewis, 125 S. W., 961, 964.

The right or immunity claimed by defendant under the Federal statute must be set up by him in the trial court, and this was not done. Chappell v. Bradshaw, 128 U. S., 132; Detroit C. Ry. Co. v. Guthard, 114 U. S., 133; Brown v. Colorado, 106 U. S., 95; McMillen v. Ferrum Min. Co., 197 U. S., 343; Spies v. Illinois, 123 U. S., 181; Jacobi v. Alabama, 187 U. S., 133; Erie R. R. Co. v. Purdy, 185 U. S., 148; Louisville & N. R. R. Co. v. Woodford, 234 U. S., 51; Seaboard Air Line v. Padgett, 236 U. S., 671; St. Louis, I. M. & S. Ry. Co. v. McWhirter, 229 U. S., 275; John v. Paullin, 231 U. S., 583; Hulbert v. Chicago, 202 U. S., 275.

If there was error in submitting the case under the State and not the Federal statute, it was invited by defendant in requested charges. San Antonio Pub. Co. v. Lewy, 113 S. W., 583; T. & N. O. Ry. Co. v. Geiger, 118 S. W., 182; Donk Bros. C. & C. Co. v. Stroetter, 82 N. E., 250; Wabash R. R. Co. v. Hayes, 234 U. S., 86.

Neither was the claim under the Federal Employers' Liability Act so presented to the appellate court as to require consideration. Fisk v. Wilson, 15 Texas, 435; Earle v. Thomas, 14 Texas, 593; McMillen v. Ferrum Min. Co., 197 U. S., 343.

MR. JUSTICE YANTIS delivered the opinion of the court.

The defendant in error, Rolla DeBord, recovered a judgment for personal injuries in the District Court of Potter County, Texas, against the Chicago, Rock Island & Gulf Railway Company, plaintiff in error. He alleged that on December 23, 1908, he was in the employ of the plaintiff in error as a brakeman, running and working upon its freight trains operated between Amarillo, in Potter County, Texas, and Sayre, Oklahoma, and on said date, in the town of McLean, Texas, while in the performance of his duties in the course of his employment and while attempting to place a car of coal upon an elevated track leading to defendant's coal chutes at said place he was seriously and permanently injured by the negligence of the defendant, its agents and servants. His petition contained two specific grounds of negligence, one of which was to the effect that the plaintiff in error had erected its coal chutes at McLean, Texas, along the line of its main track, and which were

designed to be used in coaling engines by emptying coal placed in said chutes directly into the coal bins upon the tenders of its engines by means of trap doors, and that said coal chutes and track leading thereto were negligently constructed in that said track and coal bins were in such close proximity to each other that there was no room between the sides of said cars and the engines and tenders upon such tracks, and the sides of the coal bins for the safe passage between them of the body of a person riding upon the sides of such cars or tenders and engines, where it was necessary to ride and be stationed to uncouple and hold the car in placing such car in position for being unloaded upon such coal chutes. The other specific ground of negligence alleged was that the engineer, who was operating the engine while the plaintiff was upon the side of the tender where he was ordered by the conductor to be, assisting in the work within the scope of his employment, refused to obey a stop signal which defendant in error gave, and recklessly and negligently permitted the continued movement of said car of coal and the tender and engine, so that the car was propelled and pushed much farther along the track of said coal chutes than it should have been, and beyond the proper place for stopping the same, and caused the injuries complained of.

The judgment in favor of the defendant in error was affirmed by the Court of Civil Appeals, 146 S. W., 667. This court granted a writ of error on the petition of the plaintiff in error.

Complaint is made by the plaintiff in error that the jury was misdirected in paragraph 8 of the court's charge, which paragraph is as follows:

"When the plaintiff entered the employment of the defendant company as a brakeman he assumed all the risks ordinarily incident to that particular position, and he also assumed the risks which were known to him, or that he should discover in the proper discharge of his duties as brakeman. But the plaintiff did not assume any risks or dangers caused by the negligence of the defendant; now, therefore, if you believe from the evidence that plaintiff was injured as alleged by him, and that such injury was one that resulted directly and proximately from the risk which was ordinarily incident to the employment plaintiff was engaged in, or was a risk which was known to the plaintiff, or that he should have discovered, in the exercise of ordinary care, in the discharge of his said duties, and that the same was not caused by the negligence of the defendant, then you will find for the defendant and return your verdict accordingly."

The criticism made by the plaintiff in error is in that portion of the charge which directs the jury, "but the plaintiff did not assume any risks or dangers caused by the negligence of the defendant." The rule is too well settled to require the citation of authorities that under the common law doctrine of assumed risk the plaintiff in a negligence suit does not assume any risks or dangers arising from the negligence of the defendant of which he has no knowledge; but it is equally well settled

that at common law the plaintiff does assume the risks and dangers caused by the negligence of which he did have prior knowledge. There was evidence introduced to the effect that the plaintiff in this case had actual knowledge long prior to the accident, of the alleged negligent construction of the coal bins and track.

It follows that if the case is to be governed by the common law doctrine of assumed risk the charge was erroneous, for the reason that under the common law doctrine the defendant in error did assume the risks and dangers arising from the negligence of the defendant of which he had knowledge, while the court's charge was quite to the reverse.

If the case is one to be tried under the State law the court's charge was not erroneous, for the reason that the undisputed evidence shows that the defendant in error's employer had knowledge of the defect in construction, and where this is true, under article 6645, Vernon's Sayles' Texas Civil Statutes, assumed risk is not a defense.

We are of opinion that the common law doctrine of assumed risk controls, and that the State statute on the subject should not be given effect. Under the pleadings of the defendant in error, sustained by his evidence, at the time of his injury he was engaged in interstate commerce, or in work so closely related to interstate commerce as to be practically a part of it. This being true the case is one to be tried under the Act of Congress known as the Federal Employers' Liability Act. Section 4 of said Act provides that in any action brought by an employe he "shall not be held to have assumed the risks of his employment in any case where the violation by said common carrier of any statute enacted for the safety of employes contributed to the injury or death of such employe."

It is clear to us that by this Act Congress occupied the field of assumed risk, and that such law would govern in this case to the exclusion of the rule announced by the Texas statutes to be applied in cases of assumed risk. The rule, that a State law must yield, when a Federal law has occupied the field on a question of interstate commerce, is universally recognized, and of its correctness there can be no question, the Federal Constitution having authorized Congress to Act. It has been held by the United States Supreme Court that the common law doctrine of assumed risk applies in cases where the employe at the time of the injury is engaged in interstate transportation, or in work so closely related to it as to be practically a part of it. Shanks v. Delaware, Lack. & West. Ry., 239 U. S., 556-558, 60 L. Ed., 436, 36 Sup. Ct., 188, and cases cited. The United States Supreme Court in the case of Seaboard Air Line v. Horton, 233 U. S., 492, 58 L. Ed., 1062, 34 Sup. Ct., 635, in discussing the Federal Employers' Liability Act, said:

"It seems to us that section 4 in eliminating the defense of assumption of risk in the cases indicated quite plainly evidences the legislative intent that in all other cases such assumption shall have its former effect as a complete bar to the action."

There was no evidence that the plaintiff in error had violated any

statute enacted for the safety of employes, and hence the doctrine of assumed risk, under the Act of Congress, constitutes a complete bar so far as that ground of negligence is concerned which alleges the negligent construction of the coal chute bins and the track, if the evidence was conclusive that the defendant in error had actual prior knowledge of such defect in construction. Of course, it does not bar a recovery in favor of the defendant in error on the other ground of negligence alleged.

We think the court's charge was affirmatively erroneous and subject to the criticism leveled against it. The error is accentuated in the fact that the plaintiff in error requested by its special charge No. 6 that if the defendant in error knew of such defects in construction that the jury should find on such issue for the plaintiff in error, which charge was refused.

But it is insisted by able counsel for the defendant in error that the plaintiff in error waived the right to have the case tried under the common law doctrine of assumed risk, as provided in section 4 of the Federal Employers' Liability Act, and invited the court to try the question of assumed risk under the Texas statute governing that subject. This contention rests on a portion of the plaintiff in error's special charge No. 5, which is on the subject of assumed risk, and which instructs the jury that if they believe the injury to plaintiff was the result of the dangerous proximity of the coal chutes, bins and tracks to each other, "and if you further find and believe from the evidence that a person of ordinary prudence under same or similar circumstances would not have continued in the service with the knowledge, if any, of such defect, risk, or danger, if any, then your verdict will be for the defendant, Chicago, Rock Island & Gulf Railway Company," which language quoted is very similar to, and probably extracted, in the main, from one subdivision of the article of our State statute on the subject of assumed risk.

The contention is further based upon the fact that several special charges were requested by the plaintiff in error on the subject of contributory negligence, each of which made contributory negligence a complete defense, which was the State law at the time the injuries were inflicted upon the plaintiff, whereas the Federal Employers' Liability Act did not constitute contributory negligence a complete defense, but only that it might be ground for the jury to reduce the amount of the recovery.

We do not think any of these special charges should be held as inviting the trial court to charge the State law on assumed risk instead of the Federal law. It is true that where a party to a suit requests a special charge and the court refuses it, but in its main charge gives the same proposition of law that was employed in the refused requested charge, there can be no complaint by the one offering the special charge, for the reason that the trial court is presumed to have adopted the proposition suggested, and the party making the request would be estopped from complaining. Missouri, K. & T. Ry. Co. v. Eyer, 96

Texas, 74, 70 S. W., 529; International & G. N. Ry. Co. v. Sein, 89 Texas, 66, 33 S. W., 215, 558. We do not think the court's charge complained of adopted the proposition of law requested in any of the special charges. Upon the contrary, the court's charge on assumed risk, as herein quoted, is not an attempt to adopt the State law on the question of assumed risk, but is an attempt to charge the common law instead.

Where the pleading is sufficient to admit evidence to the effect that the defendant in error is engaged in interstate commerce at the time the injuries were received, or in work so closely related to interstate commerce as necessarily to be a part of it, and where the evidence is sufficient to require the conclusion that the defendant was so engaged, the Federal question is sufficiently raised and presented, without a direct allegation being also made setting up the Federal Employers' Liability Act. It is not necessary to plead the law, but when the pleading is sufficient to admit the evidence, upon its introduction, the duty of the court arises to apply the law. We, therefore, overrule the contention of the defendant in error, that the Federal question was not sufficiently raised in the trial court to be considered here. The defendant in error himself alleged the facts constituting interstate commerce. Likewise he testified to such facts. The plaintiff in error requested a special charge on the question of assumed risk which applied the common law doctrine, which is the rule of law fixed by section 4 of said Act. It assigned error in the trial court on the refusal to give said charge, and preserved said assignment throughout the appeal. We can not concur with the view, upon this question, of the defendant in error. The question has been decided by the United States Supreme Court adversely to the contention of the defendant in error. Osborne v. Gray, 241 U. S., 19, 60 L. Ed., 865, 36 Sup. Ct., 486; Cincinnati, N. O. & T. & P. Ry. Co. v. Tucker, 168 Ky., 144, 181 S. W., 942, and cases there cited.

We do not deem it necessary to pass on the questions not covered by our views herein stated, as they will not likely arise upon another trial.

The judgments of the District Court and of the Court of Civil Appeals are reversed and the cause remanded to the District Court.

*Reversed and remanded.*