MRS. MAE NEWTON CLEMENT V. FIRST NATIONAL BANK OF PARIS, TEXAS.

No. 3940.   Decided March 24, 1926.

(282 S. W., 558.)

**1.—Fundamental Error.**

That property of plaintiff, conveyed to her by her husband by deed of gift, was, as shown by the record, subjected by the judgment to sale for community debts contracted after as well as before such conveyance, presented fundamental error, which was ground for reversal, though urged for the first time in the appellate court. (Pp. 348, 349.)

**2.—Insolvent Debtor—Deed of Gift.**

A deed of gift by an insolvent debtor is void only as to existing debts. It is not subject to debts subsequently contracted by the grantor. (P. 349.)

**3.—Same.**

Where the debtor making a deed of gift retained other property subject to execution exceeding in value the amount of his indebtedness, he was not insolvent, and the grantee took title as against the claim of the creditor to subject the property conveyed to the payment of his claim. (Pp. 349, 350.)

**4.—Practice in Supreme Court—Rendering Judgment—Assignment of Error.**

Where the Supreme Court, on reversal, renders judgment, its duty is to render the proper judgment, irrespective of whether the failure of the appellate court to do so on proper assignment of error there has been assigned as error in the Supreme Court. (P. 350.)

**5.—Urban Homestead—Excess of Value—Remedy of Creditor—Case Stated.**

A creditor of one owning an urban homestead of value exceeding $5,000, exclusive of improvements, at the time of its designation, and incapable of partition save by sale, may subject it to sale on his judgment, the excess being applied to the payment thereof after first paying the homestead owner the amount of the exemption ($5,000 and value of the improvements). Where a part of such homestead had been by gift lawfully conveyed previously to another, the part remaining is here, by order of sale, in like manner subjected to the payment of the creditor's judgment, by retaining an exemption proportional to its value and that of the improvements as compared with that of the entire original homestead, this to be paid to the homestead owner from the proceeds of the sale before applying the excess to the debt. (Pp. 350, 351.)

Error to the Court of Civil Appeals for the Sixth District, in an appeal from Lamar County.

*Clark & Clark* and *Walter L. Willie,* for plaintiff in error.

The errors assigned here are fundamental and reversible without having been assigned in the trial court: First National Bank v. Crespi & Co., 217 S. W., 700; Houston Oil Company v. Kimball, 122 S. W., 533; Arno Etc. Company v. Pugh, 177 S. W., 991; Wilson v. Johnson, 94 Texas, 272, 60 S. W., 242; Connor v. Paris, 87 Texas, 32, 27 S. W., 88.

When the trial judge files his findings of fact and conclusions of law, a jury being waived, if the judgment is not supported by and in accord with his findings of fact, his judgment will be reversed and judgment rendered in accord therewith on appeal: Art. 1994, Rev. Stats., 1920; Le Blanc v. Jackson, 161 S. W., 60; Ware v. Jones, 233 S. W., 355; Parker v. Cook, 122 S. W., 419; Byrd v. Wehrhan, 150 S. W., 284; Henry v. Phillips, 105 Texas, 459, 151 S. W., 533; Rich v. Western Union, 110 S. W., 93; Hahl v. Kellogg, 94 S. W., 389; Wells v. Yarbrough, 84 Texas, 660, 19 S. W., 865.

A gift by a husband to a wife is only void when the husband is insolvent and it was made to defraud his creditors: Article 3967 Rev. Stats., 1920; Maddox v. Summerlin, 92 Texas, 486; Earl v. Mundy, 227 S. W., 970.

The Court of Civil Appeals committed fundamental error in holding that a deed of gift by a husband to his wife is void,

notwithstanding his solvency at the time the deed is made and he did not make the deed to defraud his creditors; and especially so, as to the $620.00 of subsequent debts incurred by Mr. Clement. Article 3967, Revised Statutes, 1920; Maddox v. Summerlin, 92 Texas, 486; Earl v. Mundy, 227 S. W., 970, Paragraph 5.

It is error to allow an execution sale of an undivided 17/87 of a homestead, and it is just as void as an execution sale of the whole. If the whole homestead allowed by the Constitution is protected from "forced sale," its undivided fractional parts are protected, and the creditor must in each suit find some other way to collect his personal debt out of the excess, if any, than by the unconstitutional and sacrificial sale, first, of 17/87 of the homestead, and then the "forced sale" of the whole homestead by a partition suit, for that, this would be clearly repugnant to the Constitution. Constitution, Art. 16, Secs. 50 and 52; Rev. Stats., Arts. 3785, 3792, 3429, 3413-3415, 3425, 3427; Seligson & Co. v. Collins, 64 Texas, 314; Thompson v. Jones, 77 Texas, 626, 628; Jordan v. City of Brenham, 57 Texas, 655, 657; Griffin v. Harris, 88 S. W., 493; Walker v. Woody, 89 S. W., 789; King v. Hapgood Shoe Co., 51 S. W., 532; Higgins v. Bordages, 88 Texas, 458, 31 S. W., 52; Am. Surety Co. v. Bernstein, 101 Texas, 189; Hutcheson v. Storrie, 92 Texas, 685, 687, 699; Kessler v. Draub, 52 Texas, 575; Blum v. Gaines, 57 Texas, 119; Scott v. Cunningham, 60 Texas, 566; Hudgins v. Sansom, 72 Texas, 229; Zapp v. Strohmeyer, 75 Texas, 639; Childers v. Henderson, 76 Texas, 664; Zwernemann v. Von Rosenberg, 76 Texas, 525; Lacy v. Lockett, 82 Texas, 190; Cameron v. Morris, 83 Texas, 14; Roots v. Robertson, 93 Texas, 372; Ford v. Sims, 93 Texas, 586; Am. Bonding Co. v. Logan, 106 Texas, 306, 166 S. W., 1132; Hoefling v. Hoefling, 106 Texas, 350, 167 S. W. 210; Ingraham v. City of Nacogdoches, 169 S. W., 1134; Kearby v. Cox, 211 S. W., 932; Wadsworth v. Powell, 191 S. W., 169; Kirtley v. Spencer, 222 S. W., 328; Barnett v. Eureka Paving Co., 234 S. W., 1081; Blaylock v. Slocomb, 250 S. W., 218; Moody v. Lee, 257 S. W., 697.

*Long & Wortham,* for defendant in error.

A judgment creditor has the right to subject to forced sale under execution the excess value in a homestead above the constitutional limitation. Hargadine v. Whitfield, 71 Texas, 482; Harrison v. First Natl. Bk. of Lewisville, 238 S. W., 209.

The sale under execution of the Clement property and the application of the proceeds, to amount of the excess value above.

the constitutional limit, in payment of the bank's judgment was the correct manner of reaching such excess and of arriving at its value. Same authorities.

The deed of gift from W. R. Clement to his wife to the south 27 feet of the homestead property could not defeat the bank's execution upon the excess value therein, and to that extent, was inferior to the bank's judgment. To sustain a gift of land as against prior creditors, the grantor at the time must have property subject to execution sufficient to pay his existing debts. Civ. Sts. Texas, Art. 3967; First State Bank & Trust Company v. Walker, 187 S. W., 724. And a renewal of a debt existing at the time of such conveyance continues the original debt and holds preference over the voluntary conveyance the same as though no change in the debt had been made. Gonzales v. Adoue, 94 Texas, 120, 58 S. W., 951.

The authorities are agreed that an excess value in an urban homestead at the time of its designation does not defeat the homestead exemption to the $5,000.00 limit. They are likewise agreed that this excess can be reached by forced sale.

They are not clear as to the manner of reaching this excess, whether by sale of the entire property and appropriation of the excess to the payment of the debt, as in the instant case, or by sale of an undivided interest representing the excess figured upon a fractional or per centage basis, but the law is plain that difficulty in adjusting the equities between the owner and the creditor should not and cannot defeat the rights of either.

Mr. JUSTICE PIERSON delivered the opinion of the court.

This case was referred to Section A of the Commission of Appeals, and an opinion was reported and published in 259 S. W., 561. A rehearing being granted by this Court, the aforesaid opinion was withdrawn, and the case was taken under submission by this Court.

Plaintiff in error sought an injunction to restrain the sale under execution of certain property situated in the business district of the City of Paris, Texas, claiming a part of same to be her separate property and a homestead right in the entire property. The trial court made the following findings of fact and conclusions of law:

"First: W. R. Clement owned the property in controversy at the time of his marriage to the plaintiff, May N. Clement, in 1909. In 1911, he and his wife moved upon the property and the entire property took the homestead character.

"Second: At the time the property was designated as a homestead in 1911 it was (and is now) within the business district of the city of Paris, and was of the value of $175.00 per front foot or the total value of $8,400.00, exclusive of the improvements—the cost of the improvements being $6,000.00. The property had a frontage on Main Street of 48 feet.

"Third: On May 25th, 1917, W. R. Clement conveyed as a gift to his wife a portion off the South side of the property 27 feet wide by 108 feet deep, leaving in his own name the balance of the property 21 feet wide by 75 feet deep. Clement and his wife continued the use of the whole property as their homestead until his death in 1919 and his wife continued after his death until the present time to occupy it as her homestead. The present value of the land exclusive of improvements is $175.00 per front foot, and the present improvements of the value of $9,000.00.

"Fourth: At the time Clement conveyed the portion to his wife he was indebted to The First National Bank of Paris in approximately the sum of $300.00. He owned no property other than this homestead and owed no debt other than the one to the said bank. Before his death he devised by will the entire property to his wife (the plaintiff) and the will has been duly probated.

"Fifth: On February 2nd., 1921, the Bank reduced to judgment in the County Court of Lamar County, its claim against Clement in the sum of $920.00 and subsequently had execution issued upon the judgment and levy made upon the entire property referred to above. A portion of the claim of the bank was the money owing to it by Clement referred to above and the balance was for other moneys loaned to Clement by the bank after the date of the conveyance to his wife by Clement referred to above.

"Sixth: After the conveyance in 1917 by Clement to his wife they used said property as their homestead together with the portion of the property retained by Clement. The indebtedness upon which the judgment was rendered was a community debt or indebtedness of Clement and his wife.

"Under the above facts I conclude as a legal result as follows:

"First: When the homestead designation was made by Clement and his wife there was a value of $3,400.00, in the homestead—exclusive of the improvements—above the constitutional limit of $5,000.00, as exempt, which excess value was liable for the debts of W. R. Clement.

"Second. The excess value figured a front foot value of frontage owned by Clement at his death has a proportionate $70.00, on the entire 48-foot frontage and I think the 21 feet liability of $70.00 per foot or a total liability of $1,470.00.

"Third: I think the legality of the conveyance by Clement to his wife of the 27 feet of the land depends upon whether the excess in the remaining 21 feet was amply sufficient to pay whatever debts he owed at the time of his conveyance. I think creditors could follow the excess value in that 27 feet—which was approximately $1,890.00—if the debts of Clement could not be paid from the 21 feet.

"Fourth: It follows therefore that the court is of the opinion that judgment should be that Temporary Writ of Injunction should be dissolved, and that the 21 feet should be sold and that the judgment of the bank should be paid from the proceeds or to the amount of $1,470.00, of the proceeds and that the balance resulting from the sale, after paying the judgment would of course be paid to the plaintiff. That if the 21 feet should not produce sufficient to pay the judgment that the portion (27 feet) conveyed to the wife should be held subject to sale in order to reach enough of the excess value represented in that property as is necessary to pay the judgment."

The trial court entered a judgment in favor of the appellee, directing that the property having a frontage of 21 feet on Main Street be sold under such execution and the proceeds therefrom to the amount of $1,470 be applied in satisfaction of the judgment, any balance remaining therefrom to be paid over to the said Mae Newton Clement, the plaintiff below. The judgment further adjudges that if the sale of the said 21 feet frontage should not produce sufficient money to satisfy said judgment, then the balance of said property, having a frontage of 27 feet on Main Street, shall be sold under said execution and the proceeds therefrom to the amount of $1,890 shall be applied to the payment of such unpaid balance of said judgment.

After ordering the sale of the north portion of the property having a frontage of 21 feet on Main Street and that the proceeds thereof to the amount of $1,470, found by the court to be the excess value in the 21 feet of the homestead, be applied to the satisfaction of defendant in error's judgment, the trial court's judgment decreed:

"It is further considered, ordered, adjudged and decreed by the court that if the sale of the said 21 feet frontage should not produce sufficient money to satisfy said judgment, then the balance of said property having a frontage of 27 feet on Main

Street shall be sold under said execution and the proceeds there-from to the amount of $1,890.00 shall be applied to the payment of such unpaid balance of said judgment."

It is apparent that the trial court's judgment subjected the part of the property owned by Mrs. Clement to the payment of the indebtedness of the bank, including that made and incurred subsequent to the transfer to her.

Plaintiff in error presented for the first time in her brief in the Court of Civil Appeals the following assignment:

"The Court erred in its findings of law, in allowing an execution against the property in controversy in favor of subsequent creditors, as well as existing creditors, instead of allowing it, if at all, to existing creditors at the time of recording of deed by Clement to plaintiff, in the absence of allegations, proof or finding of fraud."

This assignment was presented as disclosing fundamental error. The Honorable Court of Civil Appeals sustained defendant in error's objection to its consideration, and affirmed the judgment of the trial court. Plaintiff in error says that it was error for the trial court to subject that portion of the property which was conveyed to her by deed of gift on May 25, 1917, to the satisfaction of her deceased husband's debts which were made and incurred after said deed was executed and recorded, and that said error is apparent on the face of the record, and therefore should have been considered and corrected by the Honorable Court of Civil Appeals.

In Wilson v. Johnson, 94 Texas, 272, 60 S. W., 242, this Court, speaking through Chief Justice Gaines, said:

"Both under the statute and under the rules the court may consider errors 'apparent upon the face of the record.' Since every error must, in one sense, appear upon the face of the transcript, it is difficult to tell what is meant by this language; but we incline to think it intended to signify a prominent error, either fundamental in character, or one determining a question upon which the very right of the case depends. Harris v. Petty, 66 Texas, 514, 1 S. W., 525."

In Carter v. Bolin, 30 S. W., 1084, in an opinion by Judge Key, it was held that the fact that a judgment is not supported by the verdict is fundamental error. The Court said:

"This objection to the judgment in this case is not presented in appellant's brief, but we regard it as fundamental error, and therefore necessarily requiring a reversal. It has been held that a judgment not supported by pleadings is fundamentally erroneous (Dean v. Lyons, 47 Texas, 18); and it seems to us

that, in a case tried before a jury, a judgment that is not supported by the verdict is equally as fatal."

See Siese v. Malsch, 54 Texas, 355; Irrigation Co. v. Pugh, 177 S. W., 991; Houston Oil Co. v. Kimball, 103 Texas, 94, 122 S. W. 533; Fuqua v. Brewing Co., 90 Texas, 298, 35 L. R. A., 241, 38 S. W., 29; 3 Corpus Juris, 1342, and cases there cited; K. C., C. & S. Ry. Co. v. Carlisle, 94 Mo., 166, 7 S. W., 102.

Plain or fundamental error, which is designated in the statute as "an error of law apparent upon the face of the record," perhaps has been sufficiently defined and discussed in the authorities cited above. The "record" would at least include the pleadings, the verdict, and the judgment. That the error here disclosed is such an error, is clear.

We think the assignment should have been sustained. The part of the judgment wherein it was ordered that the excess in that part of the property which had been conveyed to plaintiff in error by deed of May 25, 1917, should be applied to the satisfaction of the entire indebtedness of W. R. Clement, which included that made and incurred subsequent to said deed, was clearly erroneous, and we think error "apparent upon the face of the record," and but for which the result would have been different. The court found as a fact that at the time the deed was made to plaintiff in error, W. R. Clement owed only $300. The judgment sought to be enjoined was for $920.

The part of the property—27 feet by 108 feet—conveyed to plaintiff in error by her husband on May 25, 1917, became her property and was not subject to her husband's debts made subsequent to that date, but subject only to the then existing debt of W. R. Clement, if the grantor, W. R. Clement, did not have property subject to execution sufficient to pay off and satisfy such existing indebtedness, which was found by the court to be $300.

It is well established that a deed of gift made by an insolvent debtor is void as to existing debts. It is equally as well settled that property so conveyed is not subject to debts subsequently made by the grantor. We need not cite authorities to support either of these propositions.

Since it becomes our duty to set aside the judgment entered by the District Court and to enter the judgment it should have entered, it is necessary for us to correct or change the trial court's judgment in another respect. The trial court found that at the time W. R. Clement made the conveyance to plaintiff in error he owed $300, and that he still owned and had a property value of $1,470 in excess of his homestead

right in the part of the property retained by him, which was subject to and available for the satisfaction of his said debt. Therefore he was not insolvent; but was then possessed of property subject to execution more than sufficient to satisfy and discharge his indebtedness. Under these circumstances the deed to Mrs. Clement vested title in her free from his indebtedness. Vernon's Complete Texas Statutes, Art. 3967. Therefore judgment and execution should not have been awarded against her said property for the satisfaction of any part of said indebtedness.

This error was not referred to in the petition for writ of error, though it was assigned in the motion for rehearing in the Court of Civil Appeals. Ordinarily we would not consider or correct an error not assigned in the petition, yet when it becomes the duty of this Court to enter the judgment that should have been entered by the District Court, we will not enter an erroneous and improper judgment because the error was not pointed out by an assignment. Connor v. City of Paris, 87 Texas, 32, 27 S. W., 88.

The defendant in error is entitled to have the full amount of its judgment, interest and costs, satisfied out of the proportional part of the excess in the part of the homestead property—21 feet by 75 feet—retained and owned by W. R. Clement, to the amount of $1,470 as found by the trial court.

The foregoing, we think, disposes of the meritorious issues in the case. The question whether the excess in a homestead may be subjected to the payment of the debts of a homestead claimant, be it the excess above 200 acres in a rural homestead or the excess above $5,000 at the time of dedication in an urban homestead, is not shrouded in doubt. That it may be so subjected is well settled, and a method for applying the excess is provided in the cases of Wood v. Wheeler, 7 Texas, 13; North v. Shearn, 15 Texas, 175; Paschal v. Cushman, 26 Texas, 74; Hargadine v. Whitfield, 71 Texas, 482, 9 S. W., 475; Harrison v. First Nat'l. Bank of Louisville, 224 S. W., 269, and 238 S. W., 209. See Waples on Homestead and Exemption, pp. 224, 406, 730; Thompson on Homesteads and Exemptions, Sec. 709; 29 Corpus Juris, 882.

Defendant in error's proposition is sustained that the sale of exempt property containing excess and applying the proceeds to the amount of the excess to a creditor's debt is a proper method of reaching such excess and of arriving at its value.

When exempt property containing excess is sold under exe-

cution, the homestead claimant is entitled to receive out of the proceeds the value of his improvements situated thereon as found by the court, and his homestead exemption as provided by the Constitution, or the proportionate part thereof as may be a part of the property sold. Wood v. Wheeler, 7 Texas, 13; North v. Shearn, 15 Texas, 176; Paschal v. Cushman, 26 Texas, 74; Lucas v. Lucas, 104 Texas, 636; 29 Corpus Juris, 882.

The part of the property having a frontage of 21 feet on Main Street is 21/48 or 7/16 of the whole tract. It contains that proportion of the improvements and that proportion of the homestead exemption. The value of the improvements on the whole 48 feet was found to be $9,000.

Therefore, of the proceeds of the sale of the 21 feet plaintiff in error would be entitled to 7/16 of $9,000, $3,937.50, as the value of her improvements on said 21 feet, and likewise she would be entitled to have set aside to her, her 7/16 of her $5,000 homestead exemption, or $2,187.50, a total of $6,125. So much of the balance as may be necessary to satisfy same to the amount of $1,470 may be applied to defendant in error's debt.

No sale of the property will be permitted under the execution out of the County Court, and a sale thereunder is enjoined, but judgment will here be entered in favor of defendant in error against plaintiff in error decreeing an order of sale of the 21 feet described herein, as under execution, and directing distribution of the proceeds as set out above.

Accordingly, the judgments of the District Court and of the Court of Civil Appeals are reversed, and judgment will be entered as stated.

The costs of this Court and of the Court of Civil Appeals are adjudged against defendant in error, and of the District Court against plaintiff in error.

*Reversed, reformed and rendered.*