EMY BURKEY WHITEMAN ET AL. V. FRED J. BURKEY ET AL.

No. 4306.    Decided April 7, 1926.

(282 S. W., 788.)

1.—Urban Homestead—Excess—Partition.

An urban homestead, community property, was of the value of $6,500 at the time of its designation. The excess over the value of $5,000 was subject to partition between the heirs of the deceased wife and the husband who continued to occupy it as a home; and if incapable of partition otherwise, the entire homestead could be sold for partition and the proceeds so divided. Clement v. First Natl. Bank of Paris, 115 Texas, 342, followed. (P. 403.)

3.—Same—Existence of Other Property.

The homestead, while occupied as such by the surviving husband, was

protected from forced sale and not subject to partition with the heirs of the wife. But the excess at the time of its designation above the exempt value of an urban homestead was not homestead, and was not exempt from claims of creditors nor from the rights of the heirs of the deceased wife to partition. (P. 403.)

### 3.—Same—Existence of Other Property.

Where there is other property than the excess in homestead also subject to partition between the surviving husband and the heirs of the deceased wife, the excess in homestead should, if practicable, be set aside to the husband, its sale for partition avoided, and the rights of the heirs satisfied out of other community property. (Pp. 403, 404.)

### 4.—Same—Sale.

If the homestead, when offered for sale for partition of the non-exempt excess fails to bring more than the exempt value and that of the improvements no sale should be declared, the husband quieted in his possession of it, and no further or subsequent sale ordered. (P. 404.)

Questions certified from the Court of Civil Appeals for the First District, in an appeal from Harris County.

*S. H. Brashear,* for plaintiffs in error.

The uncontroverted evidence showing that the property in Block 116 on the south side of Buffalo Bayou in the City of Houston was of the value of $6,500.00 at the time of the supposed dedication thereof as a homestead (irrespective of the improvements which were of the value of $10,000.00), the court should have ordered a partition of fifteen sixty-fifths of said property among the plaintiffs and defendants shown to own the same; and if said property was shown to have been used as Fred J. Burkey's homestead, his exemption should have been limited to a portion represented by only $5,000.00 of the realty and the same proportion of the improvements. Const. Art. 16, Secs. 51, 52; Hough v. Shippey, 40 S. W., 333; Speer on Marital Rights, Art. 596; Lynch v. Broad, 70 Texas, 92; Harrison v. First National Bank of Lewisville, 224 S. W., 271; General Bonding and Casualty Ins. Co. v. Trabue, 174 S. W., 690; Paschal v. Cushman, 26 Texas, 74; Hargadine v. Whitfield, 71 Texas, 482, 9 S. W., 475.

*J. Dixie Smith* and *Johnson & Gilmore,* for defendant in error.

The evidence showed that the property in Block One Hundred Sixteen (116) on the south side of Buffalo Bayou in the City of Houston, was the community homestead of Dr. Fred J. Burkey and his wife during her lifetime, and the jury found that the same has since and does now constitute the homestead of Dr.

Fred J. Burkey, the surviving husband. The same is not subject to be partitioned among the heirs of the deceased wife during the lifetime of the surviving husband, or so long as he may elect or use or occupy the same as a homestead.

Since the evidence showed that the value of the unimproved lots was Sixty-five Hundred ($6,500.00) Dollars at the time Dr. Fred J. Burkey and his wife designated the same as a homestead, if the same is now subject to partition at all, only the excess at the date of designation, to-wit, Fifteen Hundred ($1,500.00) Dollars, would be subject to partition, exclusive of the improvements that have since been placed upon the entire property.

Fitzhugh v. Connor, 74 S. W., 83; Hargadine v. Whitfield, 71 Texas, 482, 9 S. W., 475; Swayne v. Chase, 88 Texas, 218, 30 S. W., 1049; Wood v. Wheeler, 7 Texas, 13; North v. Shearn, 15 Texas, 174; Clement v. First Natl. Bank, 259 S. W., 561; Savings & Loan Co. v. Bristoll, 131 S. W., 641.

MR. JUSTICE PIERSON delivered the opinion of the court.

The certificate of the Honorable Court of Civil Appeals is as follows:

"This is a suit for an accounting and for partition brought by appellants against the appellees.

"The plaintiffs are the children of the defendant, Fred J. Burkey, and his deceased wife, and sue for recovery of one-half of the community estate of their father and their deceased mother.

"A portion of the property sought to be partitioned is a lot with improvements thereon, situated in the City of Houston, which was the homestead of defendant and his wife at the time of her death in 1921, and is now occupied and claimed by defendant as his homestead.

"The evidence shows that in 1911, when defendant and wife erected improvements and established their homestead on this lot, the value of the lot was $6,500.00. The value of the improvements placed on the lot is $10,000.00. The evidence further shows that the property is incapable of partition.

"Upon these facts appellants claim that the $1,500.00 excess value of the lot at the time it was designated as a homestead is subject to partition, and for this purpose the homestead of the survivor of the community can be sold.

"We are unable to reach any satisfactory conclusion as to the proper decision of the question presented by this contention, and deem it advisable to certify for your decision the question:

"Upon the facts stated, are appellants entitled to a partition

of the excess value of the lot on which the homestead of their father and deceased mother is situated?"

We answer the question in the affirmative.

The answer to the question is controlled by the principles announced in the case of Mrs. Mae Newton Clement v. First National Bank of Paris (Ante, p. 342) opinion delivered March 24, 1926, and cases followed, to-wit: Wood v. Wheeler, 7 Texas, 13; North v. Shearn, 15 Texas, 175; Paschal v. Cushman, 26 Texas, 74; Hargadine v. Whitfield, 71 Texas, 482, 9 S. W., 415; Harrison v. First National Bank of Louisville, 224 S. W., 269, and 238 S. W., 209.

There are no exemptions except those provided by law. Sec. 50, Art. 16, of our State Constitution protects the homestead from forced sale for the payment of all debts except those enumerated therein. Sec. 51 defines and limits the homestead, providing that a rural homestead "shall consist of not more than two hundred acres of land," and likewise "the homestead in a city, town or village, shall consist of lot or lots, not to exceed in value five thousand dollars" at the time of designation, etc. The homestead here is urban, and at the time of its designation exceeded ($5,000.00) five thousand dollars in value by $1,500.00.

From the beginning in 7 Texas it has been uniformly held that the excess was subject to forced sale for the payment of debts, and where the property was indivisible a method for its extraction was provided by sale and division of the proceeds, fully protecting, however, in the sale the homestead claimant's rights to his full $5,000.00 exemption and his full value of his improvements, as announced in Clement v. Bank, supra.

Those owning an interest in the property certainly would be on as favorable footing as a creditor. Since the Constitution limits the homestead to a fixed value, that above would not be homestead, the same as in case of debt.

Sec. 52, of Art. 16, of the Constitution provides that the homestead "shall not be partitioned among the heirs of the deceased during the lifetime of the surviving husband or wife," etc.

The courts have always given a liberal construction to the Constitution and Statutes to protect the homestead rights. However, the courts cannot protect that which is not homestead, and the excess above 200 acres and above $5,000.00 has alike been uniformly held not to be homestead, and consequently subject to the laws applicable to nonexempt property.

It should be observed that in partitioning the property of an estate, if there is other property subject to partition sufficient to account for the excess in the homestead, it should be so

applied, and the excess along with the homestead right awarded to the homestead claimant.

Also, when offered for sale, if the property fails to bring more than the value of the improvements and the amount of the homestead exemption, no sale should be declared, and thereafter the homestead claimant should be quieted in his homestead claim to the property, and no further or subsequent sale be ordered.

The answer as above made will be certified.