**STEWART et al. v. COLLATT et al.**

No. 13639.

Court of Civil Appeals of Texas. Fort Worth.

Dec. 10, 1937.

Rehearing Denied Jan. 14, 1938.

Jones & Jones, of Mineola, for appellants.

H. C. Geddie, W. E. West, and Paul H. Stanford, all of Canton, and Nat M. Crawford and Enoch G. Fletcher, both of Grand Saline, for appellees.

DUNKLIN, Chief Justice.

This suit was in trespass to try title, instituted by J. Clyde Stewart and several others, to recover 1.3 acres of land out of a tract of 16 acres in the Mund Gross survey in Van Zandt county. R. E. Collatt and wife, D. J. Collatt, Paul Stanford and wife, Mae Stanford, Nat M. Crawford, and Cranfill-Reynolds Company were named as defendants; but a nonsuit was taken as to the defendant last named upon its disclaimer of title.

At the conclusion of the evidence the trial court instructed a verdict in favor of the defendants, and plaintiffs have appealed from the judgment in conformity with the verdict returned in compliance with that instruction.

The petition was in the usual form of trespass to try title. The property sought to be recovered was described as follows:

"Being a part of the Mund Gross survey and a part of Block Number 7 out of said survey. Beginning at the S. E. corner of Block No. 6 and the S. W. corner of Block Number 5 in said Gross survey. Thence South parallel with the East line of Block No. 7 of said survey 81 and 3/10 feet to a point in the Canton and Garden Valley Public Road. Thence West parallel with the North Boundary line of Block Number 7 686 and 7/10 feet to a point in the Canton and Garden Valley Public Road. Thence North 81 and 3/10 feet to a point in the South Boundary Line of said Block No. 6 of said Gross Survey. Thence East along the South Boundary Line of Block No. 6 686 and 7/10 feet to the place of beginning and containing 1 and 3/10 acres of land more or less. Said tract of land being also described as follows.

"Beginning at a point on the Canton and Garden Valley public road at a point 808 varas south of the north east corner of Block Number 6 of said Mund Gross survey of land. Thence North 361 and 8/10 varas to corner. Thence West 247 and 3/10 varas to stake for corner. Thence South 361 and 8/10 varas to the said Canton and Garden Valley Public Road. Thence east to the place of beginning; said tract also being described as follows:

"Being a part of the Mund Gross survey of land, lying and being situated in Van Zandt County, Texas, abstract No. 299. Beginning at a post in original line of said survey. Thence west 247 and 3/10 varas, stake for corner. Thence South 361 and 8/10 varas, stake for corner. Thence East 247 and 3/10 varas, stake for corner. Thence North 361 and 8/10 varas to the place of beginning."

The deeds introduced in evidence show that the last tract described comprises 16 acres of land; and by comparison of field notes the same acreage is included in the second description.

The answer filed by defendants included first a general demurrer to the sufficiency of the petition, followed by a special exception, reading: "Said defendants special-

ly except to the alleged description of the property in controversy herein, wherein plaintiffs attempted to describe the same by three separate descriptions, in that said descriptions are repugnant, contrary by their terms and incapable of location, and by reason thereof the description of said real estate attempted to be described in said petition is vague, uncertain, indefinite and therefore void, and each of said purported descriptions should be stricken from said petition and in this defendants pray judgment of the court."

The record does not disclose any ruling by the court on those exceptions, or that the defendants requested rulings thereon.

■ Article 7366, Vernon's Tex.Civil Statutes, prescribes the requisites of the petition in a suit of trespass to try title, and subdivision 2 of the article reads: "It shall describe the premises by metes and bounds, or with sufficient certainty to identify the same, so that from such description possession thereof may be delivered, and state the county or counties in which the same are situated."

In 41 Tex.Jur. § 97, p. 550, many decisions are cited holding it to be an indispensible requisite that the land sued for must be described "definitely enough for a decree to be entered therefor and a writ of possession executed thereon."

In section 175, p. 682, of the same volume, many decisions are cited to support this announcement: "The validity of the judgment may depend upon the sufficiency of its description of the land, the question being as to whether the description contained in the decree furnishes data by means of which the tract or survey can be certainly identified and located. To be adequate, the description must be such as to enable the sheriff, in the execution of the writ of possession, to put the plaintiff in possession of a particular parcel."

■ Manifestly, plaintiffs' petition was fatally defective because of uncertainty and repugnancy in the description of the land sought to be recovered; and the insufficiency of the petition in that respect is an error apparent on the face of the record which is to be considered in the absence of an assignment. Clement v. First Nat'l Bank, 115 Tex. 342, 282 S.W. 558. That vice in the petition was also fatal to the judgment rendered because the decree that plaintiffs take nothing was, in legal effect, a decree to defendants of title to the property sued for, which would be ineffectual

for lack of sufficient description of the property. 41 Tex.Jur. § 171, p. 679. See, also, 25 Tex.Jur. § 81, p. 452.

Accordingly, the judgment of the trial court is reversed and the cause remanded, without a determination of the assignments of error presented in appellants' briefs, because unnecessary.

The costs of appeal will be taxed against the appellants.