**In re Billy R. CATE and wife, Betty A. Cate, Debtors.**

**Bankruptcy No. 593–50823–7.**

United States Bankruptcy Court, N.D. Texas, Lubbock Division.

Aug. 16, 1994.

Bruce Magness, Lubbock, TX, for debtors.

Joseph F. Postnikoff, McWhorter, Cobb & Johnson, L.L.P., Chapter 7 Trustee, Lubbock, TX.

JOHN C. AKARD, Bankruptcy Judge.

**MEMORANDUM OF OPINION ON EXEMPTION**

This case calls for a determination of the validity of exemptions claimed in a Chapter 7

case. Billy R. Cate and his wife, Betty A. Cate, (Debtors) filed for relief under Chapter 7 of the United States Bankruptcy Code on December 30, 1993. On April 8, 1994, Debtors filed an amended Schedule C—Property Claimed as Exempt and claimed their exemptions pursuant to the Texas Property Code. On May 9, 1994, the Trustee filed an objection to their claimed homestead exemption of two tracts of real property and two separate homes located on them across the street from each other at 4003 East Bates and 4004 East Bates, Lubbock, Texas. The court sustains the Trustee's objection.[1]

## FACTS

The Debtors purchased the house at 4003 East Bates in 1972, two years after they were married. In 1973, the Debtors purchased the house directly across the street at 4004 East Bates and moved into it. At that time, Mr. Cate's father, mother, and sister moved into the 4003 East Bates house. Mr. Cate's mother was chronically ill, his sister suffered from cerebral palsy, and there is some evidence that his father may also have suffered a disability—all at the time they moved into the 4003 East Bates house. The acquisition of the second house and the moves were made in order to allow Mr. Cate to care for his family. His mother has since died and his sister is now in a nursing home, leaving only his father, who is 88 years old, living in the 4003 East Bates house. The Debtors still reside at 4004 East Bates.

Betty Cate, who has experienced problems with diabetes since 1981, broke her arm in 1992 and went into the hospital for treatment. While there, she lapsed into a coma in which she remained for an extended period of time, and developed serious respiratory problems for which she must still be treated. The medical bills incurred are in excess of $300,000, and the Debtors possessed no medical insurance coverage. The Lubbock County Hospital District received a judgment for more than $300,000 against the Debtors, who

immediately thereafter filed the Chapter 7 petition.

## DISCUSSION

■ The Debtors elected to claim their exemptions under Texas law as allowed by 11 U.S.C. § 522(b)(2)(A).[2] Since the Debtors have elected the state exemptions, the bankruptcy court must look to state law for an interpretation of homestead exemption rights. *In re Barnhart,* 47 B.R. 277 (Bankr. N.D.Tex.1985). Therefore, the issue to be decided is whether both houses may be exempted as the Debtors' homestead under the Texas homestead exemption codified at TEX. PROP.CODE ANN. § 41.002 (Vernon Supp. 1994).

■ The party claiming the homestead exemption has the burden of establishing the homestead character of the property. *NCNB Texas Nat'l Bank v. Carpenter,* 849 S.W.2d 875 (Tex.App.—Fort Worth 1993, no writ). Also, the homestead claimant has the burden of proof as to every fact essential to the existence of the asserted homestead. *Bank of San Antonio v. Renaldo,* 626 S.W.2d 318 (Tex.Civ.App.—Eastland 1981), *rev'd on other grounds,* 630 S.W.2d 638 (Tex.1982). The Debtors are claiming the homestead exemption and, therefore, they bear the burden of proof in this case.

■ The Texas homestead exemption distinguishes between an urban and a rural homestead. There is no dispute that the two residences in question are urban in nature. The Texas Property Code defines an urban homestead as follows:

> If used for the purposes of an urban home or as a place to exercise a calling or business in the same urban area, the homestead of a family or single, adult person, not otherwise entitled to a homestead, shall consist of not more than one acre of land which may be in one or more lots, together with any improvements thereon.

1. This court has jurisdiction of this matter under 28 U.S.C. § 1334(a), 28 U.S.C. § 157(a), and Miscellaneous Rule No. 33 of the Northern District of Texas contained in Order of Reference of Bankruptcy Cases and Proceedings *Nunc Pro*

*Tunc* dated August 3, 1984. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(1) and (b)(2)(B).

2. The Bankruptcy Code is 11 U.S.C. § 101 *et seq.*

TEX.PROP.CODE ANN. § 41.002(a) (Vernon Supp.1994). The court accepts that the two properties in question are both urban in nature, are located on two separate lots divided by a city street, were purchased at separate times, and taken together do not exceed one acre. Additionally, the court agrees that the Debtors and Mr. Cate's father qualify as a family for purposes of the homestead exemption. *Henry S. Miller Co. v. Shoaf*, 434 S.W.2d 243 (Tex.Civ.App.—Eastland 1968, writ ref'd n.r.e.) (stating that a family relationship may exist between an adult child and a parent who is dependent upon the adult child for support.)

In order to determine whether the two separate houses may constitute the Debtors' urban homestead, the court first looks to Texas case law to determine what is meant by "homestead." "A homestead is the dwelling house constituting the family residence, together with the land on which it is situated and the appurtenances connected therewith." *Gann v. Montgomery*, 210 S.W.2d 255, 258 (Tex.Civ.App.—Fort Worth 1948, writ ref'd n.r.e.) (citation omitted). "The exemption is, in terms, of *lots or acres* of land; but the object was to secure to the family a home. 'House' is necessarily embraced in the word 'homestead'." *Cullers v. James*, 66 Tex. 494, 1 S.W. 314, 315 (1886). "The idea of a homestead carries with it a place of residence, a domicile, and all property used in connection with the residence, such as a place of business, garden, garage, office, or shop, must be located at the place of residence." *Rockett v. Williams*, 78 S.W.2d 1077, 1078 (Tex.Civ. App.—Dallas 1935, writ dism'd). These cases all refer to the residence or house in singular terms, implying that the homestead is meant to be comprised of only one residence.

This interpretation is supported by Texas case law spanning over 100 years. The Supreme Court of Texas stated in 1891 in *Achilles v. Willis*, 81 Tex. 169, 16 S.W. 746 (1891), that the head of a family is not entitled to two residence homesteads. In *Wootton v. Jones*, 286 S.W. 680 (Tex.Civ.App.— Austin 1926, writ dism'd), the court stated that "a man may have two or more residences at the same time, but he cannot have more than one homestead." *Id.* at 687. Finally, the court in *Calvin v. Neel*, 191 S.W. 791, 795 (Tex.Civ.App.—Fort Worth 1916, writ ref'd), expressed its opinion saying, "[w]e do not understand it to be the law that a person may claim residential homestead rights in two separate and distinct premises." Nothing found in more current case law indicates any change in this line of reasoning. On the contrary, recent cases support the Fort Worth court's statement. See *e.g., First Nat'l Bank Mansfield v. Nelson (In re Nelson)*, 134 B.R. 838 (Bankr.N.D.Tex.1991) (stating that an individual may have only one residential homestead at any given time.)

Therefore, it is clear that a claimant may have only one homestead at any given time and, apparently, it is not intended to include two separate residences located on different lots. However, it should be noted that the purchase of a lot on which two houses have been constructed, followed by the occupancy of one, may support a finding that both structures are homesteads. *Tolman v. Overstreet*, 590 S.W.2d 635 (Tex.Civ. App—Tyler 1979, no writ).

Counsel for the Debtors argues in the Memorandum of Points and Authorities, that the second residence falls within the definition of improvements which may be exempted under the statute. The Debtors summarize their argument in the proposition that "a 'family unit'—using whatever improvements are located on the real estate lot or lots—so long as they do not exceed one acre—qualifies for an urban homestead under Texas law." Thereby counsel concludes that the residence at 4003 East Bates is merely an improvement that is appurtenant to the residence homestead at 4004 East Bates. In light of the compelling facts in this case, this is a very attractive conclusion. However, it is not supported by Texas case law.

The Debtors offer no authority for the proposition that the improvements to an urban homestead may include a second residence located on a separate lot. The court found no authority supporting this view. A fair reading of the Texas homestead exemption allows an exemption for only one residence. This view is supported by *Archibald*

*v. Jacobs,* 69 Tex. 248, 6 S.W. 177 (1887), which stated that there could not be two places of residence for the family, separate and in no way used together. *Id.* 6 S.W. at 179. These two residences are separate, and in the opinion of this court, the fact that a family member lives in each of them is not sufficient to show that they are used together.

### CONCLUSION

As previously stated, the claimant of the homestead exemption has the burden of establishing the homestead character of the property. The Debtors failed to meet this burden in establishing that the second residence at 4003 East Bates is part of their urban homestead. The courts of Texas have always given a liberal construction to the state's Constitution and statutes to protect homestead rights. "However, the courts cannot protect that which is not a homestead." 210 S.W.2d 255, *supra,* at 258 (quoting *Whiteman v. Burkey,* 115 Tex. 400, 282 S.W. 788 (1926)). It has not been proven that the residence at 4003 East Bates is a homestead. Therefore, the court cannot rely upon a liberal construction of state law to uphold the claimed exemption.

The facts of this case are such that, in the interest of equity, the court has leaned toward finding that the property is exempt. The Debtors are to be commended for their efforts over the years in caring for their family members, and certainly do not deserve to lose this property in bankruptcy. However, no authority has been presented or discovered on which to base a finding that the property is exempt as a matter of law. The Fifth Circuit declared that the bankruptcy courts are not "roving commissions to do equity." *United States v. Sutton,* 786 F.2d 1305, 1308 (5th Cir.1986). Therefore, the objection of the Trustee is upheld and the exemption of the 4003 East Bates property is denied.[3]

3. This Memorandum shall constitute Findings of Fact and Conclusions of Law pursuant to Fed. R.Bankr.P. 7052 which is made applicable to

Contested Matters by Fed.R.Bankr.P. 9014. This Memorandum will be published.