PALM et al. v. NUNN. (No. 1360.)

(Court of Civil Appeal of Texas. Amarillo.
May 15, 1918. Rehearing Denied June
12, 1918.)

1. APPEAL AND ERROR ⬤〰719(6) — FUNDA-
MENTAL ERROR—DIRECTION OF VERDICT.

The action of the trial court in directing a
verdict presents a question of fundamental error,
which it is the duty of the Court of Civil Ap-
peals to consider without any assignments.

2. BILLS AND NOTES ⬤〰301—LIABILITY OF
INDORSER—RIGHTS.

Where a note was given, secured by a chat-
tel mortgage, and the payee did not record the
mortgage, and indorsed the note to plaintiff,
and assigned the chattel mortgage to him, the
plaintiff's duty to record the mortgage could not
be inferred from his mere acceptance of the note
and unrecorded mortgage, unless facts were
shown making it inequitable for him to deny
that such was his duty, and the plaintiff could
recover against the original payee as an in-
dorser.

3. APPEAL AND ERROR ⬤〰1099(3) — SUBSE-
QUENT APPEAL—LAW OF THE CASE—SEVERA-
BLE ISSUES.

Where, in an action by the indorsee of a
note who was assignee of an unrecorded chattel
mortgage to secure the note against the payee
of the note as indorser, a finding of fact was
made that mortgaged property was in the hands
of bona fide purchaser, which finding, not com-
plained of, would not be fundamental error, ac-
tion of appellate court in affirming that part
of the judgment, having reversed on the issue
of liability of indorser, could not be assailed on
appeal from judgment rendered on retrial; rule
62a (149 S. W. x) permitting affirmance and re-
versal as to severable issues.

4. BILLS AND NOTES ⬤〰523 — RECOURSE ON
SECURITY—ESTOPPEL.

In an action against payee of note as in-
dorser by the indorsee and the assignee of an
unrecorded chattel mortgage on cattle, executed
to secure it, held relative to release of indorser
that plaintiff was not estopped under the evi-
dence from denying that it was his duty to re-
cord mortgage.

Appeal from District Court, Armstrong
County; Hugh L. Umphres, Judge.

Action by G. J. Nunn against E. P. and
Albert Palm. Judgment for plaintiff upon
a directed verdict, and defendants appeal.
Affirmed.

Crudgington & Works, of Amarillo, for ap-
pellants. S. E. Fish and Kimbrough, Under-
wood & Jackson, all of Amarillo, for ap-
pellee.

HALL, J. On the former appeal of this
case, as reported in 194 S. W. 406, it was
styled Nunn v. Smith. After the introduc-
tion of the evidence upon this trial the
court directed a verdict in favor of Nunn.

[1, 2] Under numerous assignments of er-
ror the appellants challenge the court's ac-
tion, and appellee has filed objections to the
consideration of many of these assignments.
This court has heretofore held, and not-
withstanding the fact that several other
Courts of Civil Appeals are not in accord
with us upon the proposition, we still hold
that the action of the trial court, in directing
a verdict, presents a question of fundamen-
tal error, which it is our duty to consider
without any assignments. In accordance
with this holding we have carefully review-
ed the record, and have concluded that the
trial court was justified in giving the per-
emptory instruction. On the former appeal
we held that by transfer of the note and
mortgage, under the conditions shown, ap-
pellants impliedly consented to the risk in-
volved in a failure to forthwith record the
mortgage. We may infer from the facts in
the record before us that the mortgage was
in the hands of appellants for about ten days
before it was delivered to appellee Nunn.
On the former appeal Judge Boyce, speaking
for the court, said:

"If appellant Nunn assumed the duty of re-
cording the mortgage, of course his failure to
do so would operate as a release; but this
assumption of duty cannot be inferred from
the mere acceptance of the note and unrecord-
ed chattel mortgage. and the duty to record
the mortgage would not exist, unless such
facts were shown as would make it inequitable
for him to deny that such was his duty," etc.

We find no facts in this record which
would estop him from denying that it was
his duty to register the mortgage. The mort-
gage had not been recorded when appellants
indorsed the note. If in their opinion it was
necessary to record it in order that they
might be protected, they should have filed it
with the county clerk, or have required ap-
pellee, by some express agreement, to sub-
sequently do so. No additional facts were
shown in this trial bearing upon that issue,
and under the former opinion of this court
there was nothing to require the trial judge
to submit it.

[3] Another question presented by appel-
lants' brief which we consider is the criti-
cism of that portion of the former opinion
affirming the judgment in so far as it de-
crees that Louis Hanson purchased the
mortgaged property without notice. The is-
sue was clearly drawn in the first trial;
there was an express finding of the jury
upon that issue against appellants' conten-
tion, and upon the former appeal no com-
plaint was made by appellants of such find-
ing. As provided by rule 62a (149 S. W., p.
x), "If it appears to the court that the error
affects a part only of the matter in contro-
versy, and the issues are severable, the judg-
ment shall only be reversed, and a new trial
ordered as to that part affected by such er-
ror," the judgment of the trial court ren-
dered on the first appeal having released
Hanson from all liability, did not present
fundamental error, and under the rule quot-
ed and the well-understood practice of this
court, no other course was left for us than
the affirmance of that part of the judgment.
The trial court, therefore, would not have
been warranted in submitting the issue of

───────────────────────────────
⬤〰For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

Hanson's liability to the jury upon the second trial.

[4] Upon the issue of estoppel, in our opinion there is nothing in the letter of August 28, 1914, written by appellee's attorneys, which could have been taken by appellants as either a direction or license not to resort to all means to protect themselves from liability upon the note, and upon the trial no effort was made by appellants to prove what, if anything, they would have done but for the letter; in fact, the record is replete with testimony showing that appellants recognized their liability, notwithstanding the fact that the mortgage had not been duly recorded and the mortgaged property had been disposed of by Smith. While appellant testified on direct examination that the note and chattel mortgage in question were executed and accepted by them in accordance with their prior agreement, made with appellee to take such note and mortgage as part of the consideration for the transfer of the land, they did not testify that appellee agreed to record the mortgage or assume any responsibility by reason of the fact that it had not been recorded. Even though the court had submitted to the jury the issue as to whether or not the note and mortgage had been arranged to the satisfaction of appellee and taken and accepted by him as part of the consideration, and although a finding favorable to appellants upon such issue had been returned by the jury, still appellants would not be relieved as indorsers under the record before us.

Finding no reversible error, the judgment is affirmed.

HUFF, C. J., not sitting; being absent in Austin on committee of judges, passing on writs of error for Supreme Court.

⊜⇒For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes