**LOCKNEY FARMERS' CO-OP. SOC. v. EGAN.    (No. 2527.)***

(Court of Civil Appeals of Texas. Amarillo. June 17, 1925. Rehearing Denied Oct. 7, 1925.)

**1. Trial ⬥139(1)—Peremptory instruction warranted only where evidence is such that no other verdict could have been rendered.**

To authorize giving of peremptory instruction, evidence must be such that no other verdict could have been rendered as matter of law.

**2. Appeal and error ⬥212—Erroneous peremptory instruction is fundamental error.**

Peremptory instruction is fundamental error, if there is any evidence to support verdict to contrary.

**3. Corporations ⬥414(1)—That note sued on was payable to M. M. E., whereas note to M. M. E. and son was authorized, insufficient to sustain plea of non est factum.**

That note sued upon was payable to M. M. E., whereas defendant's board of directors had authorized signing of a note payable to M.

M. E. and son, is insufficient to support plea of non est factum, particularly where note was only one executed, and was accepted by very party whose name as payee was omitted.

**4. Compromise and settlement ⚮20(2)— Abandonment occurs where conditions not complied with.**

Where note was given in settlement of all matters in controversy, on promise of payee to complete construction of elevator according to plans and specifications of contract, and payee failed to perform, maker was remitted to its original cause of action, and could treat subsequent contract as abandoned.

**5. Compromise and settlement ⚮24—Evidence of failure of payee to carry out promises made to induce execution of note in settlement of matters in controversy held to raise question for jury.**

Evidence that note, which plaintiff alleged was given in settlement of all matters in controversy between parties, was executed only after plaintiff had promised to complete construction of elevator, according to terms of contract, and that such promise had not been kept, *held* to raise question for jury as to defendant's right to treat alleged compromise agreement as abandoned.

**6. Compromise and settlement ⚮24—Whether plaintiff had made promise to induce execution of note without intent to perform held for jury.**

Where defendant pleaded that promise of payee to complete construction of elevator, made to induce execution of note in settlement of matters of controversy, was fraudulently made without intent to perform, evidence that there was in fact no performance, and that elevator was defective in named parts, *held* sufficient to raise question for jury.

**7. Fraud ⚮12—Promise made without intent to fulfill "false representation."**

Promise made without intent to fulfill, which is relied upon by another, is just as much material "false representation" as is false representation of existing fact.

[Ed. Note.—For other definitions, see Words and Phrases, First and Second Series, False Representation.]

Appeal from District Court, Floyd County; R. C. Joiner, Judge.

Action by M. M. Egan against the Lockney Farmers' Co-operative Society. Judgment for plaintiff, and defendant appeals. Reversed and remanded.

Williams & Martin, of Plainview, and Kenneth Bain, of Floydada, for appellant.

Bryan, Stone, Wade & Agerton and B. G. Mansell, all of Fort Worth, for appellee.

RANDOLPH, J. M. M. Egan brought this suit against the Lockney Farmers' Co-operative Society in the district court of Floyd County, Tex. The parties will hereinafter be referred to under their style in the trial court.

Plaintiff's suit was based upon a promissory note in writing, and his petition was in due form. Defendant answered by general denial and special answers, presenting defenses of non est factum and failure of consideration, and a cross-action for damages because of the failure of plaintiff to complete the building of the elevator in controversy, which damages are itemized. Plaintiff, by way of replication, demurs generally and specially to defendant's answer, and specially pleads that any alterations in, or deviation from, the building contract, were fully known to, and acquiesced in, by the defendant's directors, and further that the note sued on was executed in accord and in satisfaction and full settlement of all differences between the parties, and that defendant is estopped by reason thereof from asserting its claim for damages, either by way of defense or cross-action, against plaintiff.

Trial was had before a jury, and, on conclusion of the taking of the testimony, the court gave the jury a peremptory instruction to return a verdict for the plaintiff, and on such verdict rendered judgment for plaintiff, and this appeal is taken from such judgment.

[1, 2] Appellee questions defendant's right to present fundamental error; they contending that the giving of a peremptory instruction was not fundamentally erroneous. To authorize the giving of a peremptory instruction, the evidence must be such that no other verdict could have been rendered as matter of law. The question, therefore, is one of fundamental error, and, if there is any evidence upon which a jury verdict to the contrary could be supported, the giving of such charge is fundamental error. Choate v. S. A. & A. P. Ry. Co., 90 Tex. 82, 88, 36 S. W. 247, 37 S. W. 319; Harpold v. Moss, 101 Tex. 542, 109 S. W. 928; Guedry v. Jordan (Tex. Civ. App.) 268 S. W. 195; Dunn v. Vinyard (Tex. Com. App.) 251 S. W. 1045; Ladies' Benevolent Society, etc., v. Magnolia Cemetery Co. (Tex. Civ. App.) 268 S. W. 198.

The evidence discloses that the plaintiff, under written contract, had erected an elevator for defendant, that such elevator was destroyed by fire, and that another such building was contracted for, and it was to be a duplicate of the first, with some additions. Questions arising upon the construction of this second contract and of the breach of same in reference to the erection of such second building are herein presented.

[3] The appellant's contention that its plea of non est factum should have been sustained by the trial court cannot be approved by us. The evidence shows that the board of directors of defendant authorized the signing of the note, as they claim to M. M. Egan and son. It was understood that this note should cover the amount due between the parties

for the sum claimed to be due Egan and son. The note was only the evidence of the debt; there was no other note in existence covering that debt. The fact that it was executed to M. M. Egan instead of Egan and son does not sustain the plea of non est factum. The note was executed and accepted as a liquidation of the transaction between the parties; the acceptance being by the very party who was left out of the note. Hence it is the very debt the officers were authorized to cover by the execution of a note. There was no plea of nonjoinder of parties plaintiff.

[4, 5] Appellee pleaded settlement by the parties of all matters in controversy at the time of the giving of the note sued on. To this appellant replied that the execution of the note was based upon the condition and promise of Egan and son that they would in all matters fulfill their contract in regard to building and finishing the elevator and improvements in connection therewith, in accordance with the terms of the contract, plans, and specifications entered into with Egan and son, and that plaintiff expressly promised, as a part of the consideration for said note, to fully finish and complete said building and repair all defects therein—defendant contending that same had never been completed according to plans and specifications.

There was evidence to sustain this pleading. H. L. Barton, who was president of said defendant at the time of the execution of the note and also a director, and who signed the note as president of the defendant corporation, testified, that Egan and son promised that they would make the elevator comply with the terms and specifications of the contract, and had that promise not been made, he would not have signed the note; that he had confidence in Egan and in his ability to put the elevator in shape. Other witnesses testified to the same effect.

If the elevator was not completed according to plans and specifications, and the plaintiff, as a part consideration for the execution of the note, agreed to complete same and then failed and refused to do so, the defendant was remitted to its original cause of action, and could treat such subsequent contract as having been abandoned by plaintiff.

Tomson v. Heidenheimer, 16 Tex. Civ. App. 114, 40 S. W. 425; Scott v. Lott (Tex. Civ. App.) 247 S. W. 687; South Texas Telephone Co. v. Huntington (Tex. Civ. App.) 121 S. W. 248. . The plaintiff, pleading that the note was given in accord and satisfaction and in settlement of disputed matter, is not entitled to recover on that ground if he obtained such note by reason of promises made, which he breached; hence the matter should have been submitted to the jury.

[6] Again, the defendant having alleged that the promise of plaintiff was made without any intention on his part of performing same, and was fraudulently made for the purpose of inducing the execution of the note, it became a material inquiry upon which the circumstances in the case might have authorized an answer favorable to defendant, and which it was entitled to have the jury pass upon. The fact, if such was the fact, that the plaintiff did nothing further to complete the building according to plans and specifications, and that the building was defective in the particulars named in defendant's answer, require that such issue be submitted to the jury.

[7] Promises made without intentions of fulfillment, if knowingly false, and which are relied on by the other party, would constitute false representations just as material as a false representation of an existing fact. Russell v. Industrial Transportation Co., 113 Tex. 441, 251 S. W. 1034, 258 S. W. 462.

The trial court also erred in not submitting to the jury the question of plaintiff's breach of contract and of defendant's right to recover damages therefor.

In view of another trial, we will not set out or discuss the evidence in detail, but, expressing no opinion of the force and effect of the testimony, we hold that the issues upon the questions as to whether or not a settlement or accord and satisfaction was had, as to whether the plaintiff had breached his contract in not completing same according to plans and specifications, as to whether plaintiff promised to do so (in the event there was such failure to complete same), and what damage, if any, defendant suffered thereby, should be submitted to the jury.

The judgment of the trial court is therefore reversed and remanded.