## EGAN v. LOCKNEY FARMERS' CO-OP. SOC. (No. 633–4494.)

(Commission of Appeals of Texas, Section B. June 9, 1926.)

**1. Appeal and error ⬌719(1).**

In absence of assignment of error, Court of Civil Appeals is not required to go through entire statement of facts to discover fundamental nature of alleged error.

**2. Appeal and error ⬌672.**

The erroneous giving of a peremptory charge is an error of sufficient importance to be classed as fundamental.

**3. Appeal and error ⬌729—Assignment of error as to giving of peremptory instruction held not so fatally defective as to require holding that Court of Civil Appeals abused its discretion in considering it at all.**

Assignment of error, "Court erred in peremptorily instructing jury to find for plaintiff and against defendant as he did in his main charge to jury herein," if so defective as not to require consideration by Court of Civil Appeals, is not so fatally defective as to require holding that Court of Civil Appeals abused its discretion in considering it at all in view of propositions, statements, authorities, and remarks following such assignment.

**4. Appeal and error ⬌291.**

On withdrawal of case from jury loser need not file motion for new trial in trial court as condition precedent to right of review, in view of Vernon's Sayles' Ann. Civ. St. 1914, art. 1612.

Error to Court of Civil Appeals of Seventh Supreme Judicial District.

Action by M. M. Egan against the Lockney Farmers' Co-operative Society. Judgment for plaintiff was reversed by the Court of Civil Appeals, and cause remanded (275 S. W. 732), and plaintiff brings error. Judgment of Court of Civil Appeals affirmed.

Bryan, Stone, Wade & Agerton and B. G. Mansell, all of Fort Worth, and Jeff D. Ayres, of Floydada, for plaintiff in error.

Kenneth Bain, of Floydada, and Williams & Martin, of Plainview, for defendant in error.

POWELL, P. J. This case is fully stated by the Court of Civil Appeals. See 275 S. W. 732. We shall not restate it here, since we are in accord with the Court of Civil Appeals in holding, on the merits, that the peremptory instruction was erroneously given in this case. The Court of Civil Appeals sets out certain issues which should have been submitted to the jury. That court reversed the judgment of the district court and remanded the cause thereto for a new trial.

The writ of error was granted by the Supreme Court "on the conflicts alleged" between the instant decision and other courts relative to the following holding herein by the Court of Civil Appeals:

"Appellee questions defendant's right to present fundamental error; they contending that the giving of a peremptory instruction was not fundamentally erroneous. To authorize the giving of a peremptory instruction, the evidence must be such that no other verdict could have been rendered as matter of law. The question, therefore, is one of fundamental error, and, if there is any evidence upon which a jury verdict to the contrary could be supported, the giving of such charge is fundamental error. Choate v. S. A. & A. P. Ry. Co., 90 Tex. 82, 88, 36 S. W. 247, 37 S. W. 319; Harpold v. Moss, 101 Tex. 542, 109 S. W. 928; Guedry v. Jordan (Tex. Civ. App.) 268 S. W. 195; Dunn v. Vinyard (Tex. Com. App.) 251 S. W. 1045; Ladies' Benevolent Society, etc., v. Magnolia Cemetery Co. (Tex. Civ. App.) 268 S. W. 198."

In the application it is contended that the Court of Civil Appeals deemed the assignment of error herein with reference to the peremptory instruction as being entirely insufficient, but considered the giving of such charge a fundamental error, and felt constrained to go through the entire record to see if it was error to take the case from the jury. Upon that theory, counsel contend that such a holding is in conflict with certain other cases. Notable among such cases cited by plaintiff in error is that of Houston Oil Co. v. Kimball, 103 Tex. 94, 122 S. W. 533, 124 S. W. 85, and in the oral argument, much stress was laid upon the recent decision of this section of the Commission of Appeals in the case of Ford & Damon v. Flewellen, 276 S. W. 903. In the latter case we affirmed the judgment of the Court of Civil Appeals at Galveston (264 S. W. 602), applying the rule laid down in the Kimball Case, supra. Therefore it becomes important to see just what we did hold in the latter case, and what the Kimball Case held, since we merely followed that opinion.

[1] In the Kimball Case, Judge Brown attempted to state what was meant by "an error in law (either assigned or), apparent on the face of the record." He had no difficulty in determining that the error here contemplated must be one which lies at the base and foundation of the proceeding and necessarily affects the judgment. The Supreme Court had so held theretofore in several well-considered cases. But Judge Brown undertook to define what was meant by being "apparent on the face of the record." He was, in a sense, blazing the way in that particular. At any rate, he went more fully into that

feature of the case than other cases had done. We think, as did the Court of Civil Appeals in the Flewellen Case, that, even though an error be of sufficient importance to be considered fundamental in its nature, Judge Brown held in the Kimball Case that a Court of Civil Appeals will not be required to go through an entire statement of facts to discover its fundamental nature. It will be readily seen that, in the absence of an assignment or propositions, accompanied by excerpts from the statement of facts, it might be necessary to read the entire statement of facts to see whether or not the peremptory instruction should have been given. It was a situation of that kind which the court had in mind in the Kimball Case and the Flewellen Case. But there was some conflict in the decisions of the Courts of Civil Appeals upon this very point after the Kimball Case came out. The writ of error was granted in the Flewellen Case to settle this very conflict. We settled it in these words:

"We do not think it is necessary to add anything to what has been said in the Kimball Case and the instant case. When, as stated by the Court of Civil Appeals in this case, the only method for determining whether or not a fundamental error has been committed is by going through the entire statement of facts, then that court is not required to pass upon such a question. Any other rule, as we see it, would place an almost unbearable burden upon our appellate courts."

[2] Then, let us see whether or not the Court of Civil Appeals in the instant case is in conflict with our holding just quoted. In the first place, we did not hold that the erroneous giving of a peremptory charge is not a fundamental error so far as its importance is concerned. Neither does the Court of Civil Appeals in the case at bar. In fact, as stated by the authorities the latter court cites, such an error is of sufficient importance to be classed as fundamental. In fact, this much must be conceded. It cannot well be disputed. A peremptory instruction necessarily affects the judgment and controls it. Nor did the Court of Civil Appeals make any statement to the effect that it would be necessary to read the entire statement of facts in order to determine whether or not there was at least one issue which should have gone to the jury and therefore render erroneous the general peremptory instruction which was given. Therefore, it is not true that the opinion in the instant case is, in any sense, in conflict with other decisions as claimed by the plaintiff in error in his application.

Again, in the Flewellen Case, there was absolutely no assignment of error, defective or otherwise, either in the District Court or Court of Civil Appeals. In the case at bar, there is an assignment of error with reference to the giving of the peremptory instruction. We will discuss this later. But, even though it had been necessary to treat the assignment as being absolutely worthless, it does not appear from the opinion of the Court of Civil Appeals that it was necessary to read the entire statement of facts in order to discover whether or not it was error to give the peremptory instruction. And, as we shall show later, it was not necessary to do so in fact, Consequently, even upon that theory, the court would seeem to have had the right to pass upon the correctness of the peremptory charge as a fundamental error. In the Kimball Case, Judge Brown said:

"Perhaps the best expression is that it must be a fundamental error, such error *as being readily seen* lies at the base and foundation of the proceeding and affects the judgment necessarily. Wilson v. Johnson, 94 Tex. 272 [60 S. W. 242]; Searcy v. Grant, 90 Tex. 97 [37 S. W. 320]; Fuqua v. Brewing Co., 90 Tex. 298 [38 S. W. 29, 750, 35 L. R. A. 241]; Harris v. Petty, 66 Tex. 514 [1 S. W. 525]." (Italics ours.)

In other words, this error seems to have been not only controllingly important, but one "readily seen" from reading appellant's brief in the Court of Civil Appeals.

But, even if the Court of Civil Appeals did think, in error, that it was its duty to read the entire statement of facts to see whether or not this fundamental error had been committed (our opinion in the Flewellen Case had not then been rendered), there is nothing in the opinion to indicate that it would not have considered the brief upon this assignment, propositions, statement, authorities, and argument in connection therewith. In other words, if the court thought it had to consider this question anyway, even in the absence of an assignment of error, then it doubtless felt it unnecessary to discuss the questions as to whether or not the assignment was sufficient, or, if defective, whether the court would, in its sound discretion, consider the same anyway. Of course, if the Court of Civil Appeals had stated that they would not consider the assignment of error and propositions thereunder, then we would respect their holding, provided the assignment was, in fact, defective. But, inasmuch as they did consider the propositions upon the fundamental question theory, it is but fair to assume that they would have considered the assignment, even though they considered same defective, in their sound discretion. Therefore, if the brief in this case is not fatally defective upon this point, then we must affirm the judgment of the Court of Civil Appeals upon this theory, in any event. As said by Judge Speer in the case of Petroleum Co. v. Booles (Tex. Com. App.) 276 S. W. 667:

"A correct judgment of the Court of Civil Appeals, though based upon a wrong ground, should be affirmed. Holland v. Nimitz, 111 Tex. 419 [232 S. W. 298, 239 S. W. 185]."

There was seasonably filed in the district court and Court of Civil Appeals the following assignment:

"The court erred in peremptorily instructing the jury to find for the plaintiff and against the defendant as he did in his main charge to the jury herein."

[3] In addition to the assignment of error in the Court of Civil Appeals, the brief contains several clear and forcible propositions, each of which includes a definite reason why it was error to give the peremptory instruction in this case. These propositions are followed by. statements, authorities, and remarks. It is not necessary for us to determine whether or not the assignment and propositions relating thereto are adequate and hence such as we would be authorized to require the Court of Civil Appeals to consider. They were considered without any requirement on our part. Therefore we merely decide that this assignment was not so defective as to require this court to hold that the Court of Civil Appeals abused its discretion in considering it. This distinction in the extent of defectiveness is recognized by our Supreme Court in an opinion we shall later cite.

[4] This case, having been withdrawn from the jury, was not one in which it was necessary for the loser in the trial court to file a motion for a new trial. When the peremptory instruction was given and the judgment entered accordingly, the loser excepted and gave notice of appeal, etc. That ended the connection of the trial court with passing upon the correctness of his own ruling in giving the peremptory instruction. He had no duty to pass upon the assignments of error filed in his court a few days before the transcript was taken out. Under the Act of 1913 (article 1612, Vernon's Sayles' Revised Civil Statutes of Texas of 1914), it was provided that the grounds in a motion for a new trial should constitute the assignments of error, and that such grounds need not be repeated by filing "assignments of error." In the Booles Case, supra, Judge Speer held that assignments of error, entirely distinct from the motion for new trial, even where such a motion was filed, could be filed, provided only the additional assignments must not relate to anything upon which the trial court did not have a chance to rule during the trial or on motion for new trial. In other words, where the trial court had ruled once upon any question, it was not necessary to give him a second chance. Such question could be assigned as error even though it had not been a ground of a motion for a new trial. Therefore it was not necessary to insert in connection with this assignment of error in the trial court, which was not to be passed upon by him, any propositions. It would have been a mere waste of time. Having reached the Court of Civil Appeals those propositions were added. Were the assignments and propositions relating thereto sufficient to authorize the Court of Civil Ap-

peals, in its discretion, to consider the same? We think so.

The statute to which we have referred provides that an assignment shall be sufficient "which directs the attention of the court to the error complained of." In the case of Land Co. v. McClelland Bros., 86 Tex. 179, 189, 23 S. W. 576, 1100, 22 L. R. A. 105, our Supreme Court, speaking through Justice Gaines, had before it the question as to whether or not an assignment was sufficient which merely stated that "the court erred in the fifth paragraph of his charge to the jury, which is as follows: [The charge complained of is then quoted.]" Judge Gaines stated that the ground of insufficiency of the assignment alleged was that "in addition to pointing out the particular ruling which is claimed to be erroneous, it should have given the reason upon which that claim is based." The learned judge held the assignment sufficient. He said that, because of confusion among the bar upon this question, it was important to settle it, and that he had examined the decisions of his court "from its earliest days." He then refers to several cases to illustrate the distinctions between them. We quote from his splendid opinion as follows:

"It is to be borne in mind, that the statute and rules which require errors to be assigned were intended primarily for the relief of the appellate courts, and to secure a prompt dispatch of the business that should be brought before them. They should be given a reasonable and practical construction, and not one calculated to embarrass suitors in the appellate tribunals by unnecessary restrictions. It is certain that it was never intended to hedge either the Court of Civil Appeals or the Supreme Court around with technical and arbitrary requirements, so as to cut off the approach of such parties as seek relief in good faith from the consequences of supposed errors committed to their prejudice in the trial courts.

"Where an assignment of error is sufficiently specific to enable the court to see that a particular ruling is complained of, it should be held good, although it should fail to state the reason why such ruling is claimed to be erroneous. An assignment may be brief and yet specific, and brevity in such a case is commendable and accords with good practice. The reasons by which allegations of error are sought to be sustained find their proper place in the propositions, statements, and authorities required to be set forth in the brief, under and in support of the respective assignments.

"We conclude that the assignment in question is sufficient."

The case from which we have just quoted was referred to with approval by Justice Williams for his court in the later case of Cammack v. Rogers, 96 Tex. 457, 73 S. W. 795. In that case, the assignment of error under fire (numbered "fifth" in the brief) read as follows:

"The court erred in refusing to give special charges numbers 1 and 2 asked by the defendant, respecting the effect of dry weather

on said crop and the yield therefrom, and as to the value of one-half of the ungathered hay crop on the farm at the time the plaintiff took possession under the writ of sequestration."

Aforesaid assignment of error was followed by appropriate propositions and statements separately explaining and presenting each of the two questions raised therein. The Court of Civil Appeals at Austin certified the case upon two questions as follows:

"1. Where an assignment of error complains of two rulings of the trial court, each of which relate to separate and distinct questions, which is followed by appropriate propositions and statements explaining each of the two questions raised and rulings complained of, is the assignment so general that it should not be considered, or may it, under such circumstances, be aided and explained by the propositions and statements; and if such is the case, should it by the Court of Civil Appeals be deemed sufficient so as to entitle the court to pass upon either of the questions raised by the assignment, propositions and statements?

"2. Is the assignment of error, in connection with the propositions and statements, as above set out, sufficient to authorize its consideration by this court?"

Justice Williams answered the questions in their order as follows:

"1. The decisions first cited in the certificate condemn the assignment of error as insufficient because it complains of two distinct rulings of the court below. The decisions also hold that propositions in briefs do not supply the place of a valid assignment. The decisions of this court last cited in the certificate do not conflict with the others, the objections to the assignments considered being of a different character. Further discussion of the subject of assignments of error than is found in Land Co. v. McClelland Bros., 86 Tex. 191 [23 S. W. 576, 1100, 22 L. R. A. 105], would not, in our opinion, be useful.

"2. The fact that an assignment of error is not in strict compliance with the statute and the rules of court does not deprive the Court of Civil Appeals of authority to decide a point thus defectively raised. While a party who has not complied with the rules of practice in presenting errors complained of may not be entitled to demand, as a right, that they be noticed, the court, in the exercise of sound discretion, has the authority to pass upon them. Whether or not in such cases the point sought to be made should be considered is a question for the Court of Civil Appeals to determine under all the circumstances."

If the assignment of error in this case on giving of the peremptory instruction had been divided into several assignments, each to the effect that it was error to give such a charge because of one definite reason, then each assignment would clearly have been in strict compliance with contention of plaintiff in error. Instead of adopting that practice, counsel merely assigned as error the giving of the peremptory instruction in favor of the "plaintiff and against the defendant as he

did." Then, he inserted in his brief several propositions, necessarily relating to that assignment, each of which was a reason why the giving of the charge was erroneous. Even though the assignment might be considered so defective as not to require its consideration by the Court of Civil Appeals (a question we do not decide), we are clear that it was not so fatally defective as to require us to hold that the court abused its discretion in passing upon the same. For that reason we think it was not error to pass upon this assignment and its propositions. That being true, it was not necessary to resort to the fundamental error theory in order to reverse and remand this cause upon its merits.

We think the Court of Civil Appeals correctly disposed of this case, and we recommend that its judgment be affirmed.

CURETON, C. J. The judgment recommended in the report of the Commission of Appeals is adopted, and will be entered as the judgment of the Supreme Court.