### WHITE v. LONE STAR WOOL–MOHAIR CO–OPERATIVE ASS'N et al.

#### No. 4557.

Court of Civil Appeals of Texas. Amarillo.

Feb. 17, 1936.

On Reinstatement of Appeal March 30, 1936. Rehearing Denied May 18, 1936.

Further Rehearing Denied June 15, 1936.

Clyde Vinson, of San Angelo, for appellant.

Travis E. Baker and Upton & Upton, all of San Angelo, for appellees.

HALL, Chief Justice.

This is an appeal from the county court of Tom Green county, and seems to be a three-cornered contest between appellant, White, the Lone Star Wool-Mohair Co-operative Association et al., and the San Angelo National Bank, involving an amount of $409.-22, the proceeds of the sale of certain wool which it appears White had delivered to the co-operative association to be sold for his account. White failed to recover.

His statement of the nature and result of the suit, covering about three pages of the brief, is followed by seven propositions. These propositions are in the 'same condition as the appellant's propositions in the brief filed in the case of Mrs. Dorothy Smith et vir v. Mrs. C. Bradshaw et al., 93 S.W. (2d) 468, which was decided by this court April 6, 1936. The propositions are mere abstractions. The following is a sample: "A chattel mortgage on personal property given by A to B to secure a promissory note passes no title to such personal property from A to B."

If we hold this to be a correct proposition of law, so far as this brief informs us it has no application to this case. A and B are not parties to this suit.

Following the seven abstract propositions, the appellant cites authorities covering almost a page of the brief. Immediately following this we find fifteen pages of the brief devoted to argument, quotations from authorities and statements. This is followed by seven pages upon which the assignments of error are copied. Neither of the propositions is followed by a statement from the record nor argument, though several of them have one or more cases cited. None of the assignments is followed by authorities, arguments, or propositions.

The courts are not required to consider any such brief. It is therefore stricken from the files, and the appeal is dismissed.

On Reinstatement of Appeal.

The appellant, White, executed promissory notes in the sum of approximately $18,000 to the San Angelo National Bank, and to secure their payment executed and delivered a chattel mortgage upon 2,640 sheep, 229 cattle, and approximately 13,000 pounds of wool, "together with the increase and benefits from said sheep and cattle." Thereafter, appellant delivered the wool to appellee Lone Star Wool-Mohair Co-operative Association, to be sold for his account under consignment contract, totaling at such time the sum of $961, which was paid to the San Angelo National Bank and credited on his notes.

The appellant alleges in his petition that thereafter he and the bank compromised and settled his indebtedness under an agreement whereby the bank surrendered to appellant all of his promissory notes, canceling his indebtedness to said bank in full, and formally released the chattel mortgage aforesaid in consideration of the delivery by appellant and the surrender to such bank of the cattle and sheep described in the mortgage; that this settlement did not include the wool then in possession of the Lone Star Wool-Mohair Co-operative Association under consignment for appellant, for the account of appellant; that in the spring subsequent to this settlement the association sold said wool, and, after deducting advances and charges, had a balance of $409.22 in such account, which it paid to appellee bank, notwithstanding it had notice of the settlement between appellant and the bank.

At a former day of this term, appellant's briefs were striken for failure to comply with the rules and permission given to file amended briefs. The amended briefs suggests as fundamental error the absence of any evidence to support the verdict and judgment.

The case was tried to a jury, but, after the parties had rested in the introduction of

testimony, all parties moved for an instructed verdict. The court granted the motion of each of the appellees, but denied the motion by appellant asking for an instructed verdict in his behalf.

White pleaded an accord and satisfaction and a full settlement of his indebtedness to the bank. His testimony is brief, direct, and uncontradicted. The only other witness introduced was the representative of the bank. White testified that the bank proposed to surrender all of his notes and evidences of debt if he would deliver to the bank the 229 head of cattle and the 2,640 head of sheep; that this agreement was fully executed; and that the bank delivered to him, not only his notes, but also the mortgage and a written release of the lien. The mortgage and release appear in the statement of facts, which consists of only 18 pages. He testified further that the wool in the hands of the association was not mentioned nor was it included in the property to be delivered to the bank.

Ira Swope, the assistant cashier of the appellee bank, testified that he made the settlement with White; that White agreed to turn over the property covered by the chattel mortgage in cancellation of the debt, which amounted at that time to $18,000; that in the settlement the cattle and sheep were valued at $16,000; that he made a list of the property the bank was to take over in the settlement; that the sheep and cattle were listed and the wool was not included.

In the face of this uncontradicted testimony, the instructed verdict should have been for White. There is not a scintilla of testimony to support the judgment and verdict.

While it is the general rule that the Courts of Civil Appeals are not required to go to the statement of facts to ascertain whether there is fundamental error in the record, this rule is not applied strictly where the appellant sufficiently presents the record in his brief to make it apparent that it was error to peremptorily instruct a verdict for the opposite party. Under such circumstances, the matter may be reviewed as fundamentally erroneous. Harlington Land & Water Co. v. Houston Motor Car Co. (Tex.Com.App.) 209 S.W. 145. It has been held that it is the duty of the Courts of Civil Appeals to decide questions of fundamental error whenever and however its attention is called thereto. McDonald v. Simons, (Tex.Com.App.) 280 S.W. 571. In Lockney Farmers' Co-op. Soc. v. Egan, 275 S.W. 732, 733, this court said: "To authorize the giving of a peremptory instruction, the evidence must be such that no other verdict could have been rendered as a matter of law. The question, therefore, is one of fundamental error, and, if there is any evidence upon which a jury verdict to the contrary could be supported, the giving of such charge is fundamental error." Writ refused (Tex.Com.App.) 284 S.W. 937. See Gaines v. First State Bank (Tex.Civ.App.) 28 S.W. (2d) 297, and in Zipperle v. Heinzerling Oil Corp., 274 S.W. 259, 260, Judge Jackson of this court said: "Appellant, in his brief, has no assignments of error, but, as giving a peremptory instruction is considered as fundamental error, we will review the proposition urged by appellant challenging the action of the trial court in giving a peremptory instruction; appellant contending that the evidence was sufficient to raise an issue to be submitted to the jury for its determination."

This error was assigned in the motion for new trial filed in the trial court. See, also, Clement v. First Nat. Bank, 115 Tex. 342, 282 S.W. 558. It has been frequently held that error in directing a verdict may be taken advantage of without an assignment of error. Hovey v. Sanders (Tex.Civ.App.) 174 S.W. 1025 (error refused); Palm v. Nunn (Tex.Civ.App.) 203 S.W. 1124 (error refused); Rowe v. Colorado & S. R. Co. (Tex.Civ.App.) 205 S.W. 731; Business Men's Oil Co. v. Priddy (Tex.Civ.App.) 248 S.W. 408, error dismissed 114 Tex. 581, 278 S.W. 1114; Burton Rountree & Co. v. Bailey & Collins (Tex.Civ.App.) 270 S.W. 905.

For the reasons stated, the judgment is reversed and the cause remanded.

## On Motion for Rehearing.

After a review of the record in the light of appellant's motion to render the judgment instead of remand the case, we have decided that the proper disposition to make of the case is to reverse and render the judgment for the appellant. The former judgment is amended to this extent, and it is the judgment of the court that the appellant recover against the appellee.