### TEXAS CITIES GAS CO. v. GOMEZ.
### No. 11345.

Court of Civil Appeals of Texas. Galveston.
March 5, 1942.

Rehearing Denied March 26, 1942.

Terry, Cavin & Mills, of Galveston, and Thompson, Knight, Harris, Wright & Weisberg, of Dallas, for appellant.

Joseph L. Joseph and Byron Economidy, both of Galveston, for appellee.

GRAVES, Justice.

This is a damage suit, brought by A. T. Gomez against Texas Cities Gas Company, the petition invoking the aid of the doctrine of res ipsa loquitur, complaining of the acts of appellant's employees in permitting great quantities of strongly odorized gas to be loosened in and to erupt from its lines, and to permeate that entire neighborhood, with accompanying noise and eruption of sand nearby to and against appellee's home, allegedly causing appellee's wife fright and shock, and aggravating a serious heart ailment, from which she was at that time suffering. Appellant filed a general denial.

On the issues submitted, the jury found for the appellee, and returned a verdict for $10,000. Appellant's amended motion for new trial was overruled by the court's order on the 24th day of July, 1941, in which exception was duly noted, and notice of appeal was given.

The jury's findings, other than the indicated amount for damages, were, in substance, these:

That the gas eruption had not been the result of an unavoidable accident, that it had been caused through appellant's negligence, that as a result of it Mrs. Gomez had suffered a fright or shock which aggravated or made worse her heart ailment, and that appellant's stated negligence had been a proximate cause of that aggravation; that prior to the gas eruption an agent of appellant had not given the appellee, Mrs. Gomez's husband, in substance, notice "that there would be considerable gas escaping, that he wanted all fires and lights put out and for no one to strike a match, that he was going to have to close the doors to the garage, and that the door and window upstairs would have to be closed"; that Mr.

Gomez did not communicate such information to his wife, but his failure to do so did not constitute negligence on his part.

On appellee's motion, the appealed from judgment was entered upon the jury's verdict only, the court having made no independent findings of its own.

Through 18 points appellant inveighs against the $10,000 judgment so entered against it, which in epitome are:

(1) The court should have granted its motion for an instructed verdict in its favor at the close of all the testimony, "because the only evidence offered to prove that Mrs. Gomez's heart-trouble was aggravated was incompetent and conjectural".

(2) Testimony by Dr. Jinkins that, "if a patient were suffering from auricular fibrillations and congestive heart failure, it would not be advisable on the part of a physician to perform a sterilization operation", was erroneously admitted.

(3) The court erred "in permitting Mrs. Gomez to testify that after she discovered she had 'a little heart trouble' she left out vigorous exercise and 'got along fine'; that after her sterilization operation, up until the time of the accident in question, she was 'getting along all right'; that prior to the accident she would, on experiencing a heart attack, take 'one little tablet, and that would revive my heart and I would be all right'."

(4) There was no evidence to support either the submission of, or the jury's answer to, special issue No. 4.

(5) The court improperly allowed appellee's counsel to argue to the jury that appellant should have brought Dr. Stephen to testify as to Mrs. Gomez's life expectancy prior to the accident in question.

(6) The court erred in permitting both Mr. and Mrs. Harry Rigden to testify that they had received no notice from appellant that "this thing was going to happen".

(7) The court erred in not striking out the witness Norton's testimony that "he believed he heard the salesman say that Mueller equipment is pretty fast, that you can insert a valve in a very short space of time by the use of it", on the ground that it was hearsay.

(8) The court erred in refusing appellant's motions to strike appellee's answer about his telling appellant's superintendent that Dr. Stephen had put his wife to bed because she was frightened, and to instruct the jury that such statement should have no bearing, except to show notice, nor be

taken as evidence of appellee's wife's condition.

(9) The court erred in permitting appellee to testify that his house shook when the eruption first happened, on the ground that the question eliciting it was a leading one.

(10) A new trial should have been granted appellant on its claim that the $10,000 verdict was excessive.

(11) The court erroneously permitted various witnesses in the vicinity of appellee's home to testify that they were frightened, or scared, when the eruption occurred.

(12) The testimony of appellant's witness Norton that it was necessary to maintain a continuous pressure in serving gas to hospitals on the same line as that which was cut on the occasion in question was erroneously excluded.

(13) The court erred in permitting the witness Nicholls to testify that about March 24 he received a letter from appellee's counsel to the effect that Mrs. Gomez had heart trouble.

The appellee strenuously objects to this court's consideration of several of appellant's assignments as being insufficient to raise different ones of the points it has so posed here; but in the somewhat confused and transitional state of our procedural law attendant upon the change from the old rules of practice and procedure in civil actions to the new ones—especially in causes like the one at bar, where the old rules were in effect when the cause was tried below but the new ones had superseded them at the time appellant's brief on appeal was filed—as well as upon an appraisement of their intrinsic character, it is determined that none of these objections should be sustained.

Wherefore, no seriatim nor extended discussion of the objections will be indulged in, but comment upon a few may not be amiss.

◼ Appellant's assignment No. 1, to the simple effect that the trial court erred in overruling its motion to instruct the jury to return a verdict in its favor, is attacked as being insufficient, "because it is too broad and does not set out any reason why the court erred in failing to instruct a verdict in appellant's favor"; this invokes new rule —not in effect at that time—No. 268, which requires the specific grounds for requesting an instructed verdict to be stated, as against no such requirement in the old rule then in effect. It is held:

(1) That no such specification was then indispensable; Clarendon Land Investment & Agency Co. v. McClelland, 86 Tex. 179, 23 S.W. 1100, 22 L.R.A. 105; Lang v. Harwood, Tex.Civ.App., 145 S.W.2d 945; Standard v. Texas Pacific Coal & Oil Co., Tex.Civ.App., 47 S.W.2d 443; Harlington Land & Water Co. v. Houston Motor Car Co., Tex.Com.App., 209 S.W. 145, and Harlingen Land & Water Co. v. Houston Motor Co., Tex.Civ.App., 160 S.W. 628; Shell Petroleum Corp. v. Howth, Tex.Civ. App., 133 S.W.2d 253; Smeltzer v. McCrory, Tex.Civ.App., 101 S.W.2d 850; Gutierrez v. Uribe, Tex.Civ.App., 104 S.W.2d 569, at page 570; White v. Lone Star Wool-Mohair Co-operative Ass'n, Tex.Civ.App., 95 S.W. 2d 178, at page 180.

(2) That, in any event, since appellant invokes that relief in this court under new rule No. 431, its brief in this court may be so amended as to interpolate its second assignment of error in its motion for a new trial below, which did fully specify its declared reasons for such claimed error in refusing it a peremptory instruction. New Rule No. 422, enjoining a liberable construction of this revised system.

■ The second objection, in effect, that appellant's point 6 and its supporting assignment of error No. 51 are not sufficient to raise the claim that there was no evidence to support the submission of special issue No. 4 to the jury, because they did not specify the respects in which the evidence was so insufficient is not well taken, in that the record shows appellant's bill of exceptions in the trial court to have fully specified the particular respects in which it alleged the evidence to be so lacking; as this court reads the authorities, they hold—contrary to appellee's contention—that such specification was sufficient and such reference to the bill of exception was appropriate. City of Austin v. Forbis, 99 Tex. 234, 89 S.W. 405.

■ On their merits, it is determined that none of appellant's quoted presentments —in the state of this record—should be sustained. Indeed, in so far as the jury's findings are concerned, no lack of evidence to support any one of them has been pointed out; this court's task, however, in appraising the sufficiency of the evidence to support the findings, is simplified by the fact that in none of the attacks thereon does appellant invoke the exercise here of this court's exclusive authority to determine whether or not any of the jury's findings are so against the overwhelming preponderance of

the evidence as to be clearly wrong, since, under both its first and sixth points, it merely urges that there was no evidence, as a matter of law, either to justify the submission of issue No. 4, or to support the jury's verdict; that issue and the findings thereon were as follows: "No. 4. Do you find from a preponderance of the evidence that, as a result of the fright or shock, if any, suffered by Mrs. Mary Ann Santos Gomez as a result of the gas eruption in question, her heart ailment was thereby aggravated or made worse?" "Answer: 'Yes'."

It seems clear that neither of these assaults upon that submission and finding is well taken, but that, to the contrary, there was ample evidence both to carry the inquiry to the jury and to support its finding thereon—that the result of the fright or shock Mrs. Gomez received from what is otherwise shown to have been a terrific explosion—did in fact aggravate whatever heart ailment she had prior thereto. It is accordingly so held, without a detailing or a resume of the evidence upon which that conclusion is based.

■ On this phase, appellant seems inept in considering that only medical evidence, which it repeatedly asserts Mrs. Gomez was incapable of giving, could establish as a matter of fact that such aggravation had so resulted; this court does not regard that as the law, holding, upon the other hand, that such fact was susceptible of being proved, and was in fact shown in this instance to the satisfaction of the jury, by such nonskilled witness as Mrs. Gomez was, in giving "a short rendition of the facts", outlining in full detail what her condition was before the eruption, as well as thereafter. Yoakum v. Kroeger, Tex.Civ.App., 27 S.W. 953; Gulf, C. & S. F. Ry. Co. v. Hayter, 93 Tex. 239, 54 S.W. 944, 47 L.R.A. 325, 77 Am.St.Rep. 856; St. Louis S. W. Ry. Co. v. Alexander, Tex.Civ.App., 141 S.W. 135, 136; see, also, opinion of Judge Lane in Garrett v. International Travelers' Ass'n, Tex.Civ.App., 14 S.W.2d 944; McCormick and Ray, Texas Law of Evidence, p. 819; American Nat. Ins. Co. v. Walker, Tex.Civ.App., 81 S.W.2d 1061; 19 Tex.Jur., p. 354; Petroleum Casualty Co. v. Bristow, Tex.Civ.App., 35 S.W.2d 246; Texas Employers' Ins. Ass'n v. Davies, Tex.Civ.App., 6 S.W.2d 792.

■ Nor is it thought that the incidental injection into the case, during the examination of Dr. Jinkins, of his expression of opinion, that, "If a patient were suffering

from auricular fibrillation and congestive heart failure, it would not be advisable for a physician to perform a sterilization operation," constituted prejudicial error. This, for the reason that the record shows that appellant itself introduced this subject in its cross-examination of Mrs. Gomez by asking her this question: "This was an operation that was, you might say—an operation that was made advisable because of your heart condition, was it not?"

In the next place, while Dr. Jinkins' expressed opinion could not properly be considered in the circumstances as evidence of probative force to the effect that she had not at the date of her operation had the fibrillation and congestive heart failure, still it was a mere harmless circumstance, which should not in the circumstances cause a reversal; especially as it was shown to be merely cumulative of a number of other circumstances tending to indicate the non-existence of that condition in her, back at the time that operation had been performed. Krider v. Hempftling, Tex.Civ.App., 137 S.W.2d 83; Texas Digest, Appeal and Error ▆▆▆▆; Price v. Humble Oil & Refining Co., Tex.Civ.App., 152 S.W.2d 804; Texas Rural Communities v. Avary, Tex. Civ.App., 113 S.W.2d 597; Texas Rules of Civil Procedure, No. 434, Proviso first.

▆ Neither is it any correct appraisal, it is thought, of Mrs. Gomez's greatly extended accounts of the way she felt, as well as her manifold symptoms of both body and mind, during the long period before the gas eruption accident to her, to characterize them as an attempt to give medical testimony, or to invade the field reserved by the law for medical experts alone.

To the contrary, when her testimony is considered as entirety, and with direct reference to what her physical condition and feelings were prior to this devastating experience, it is clearly thought to have amounted to no more in the aggregate than what our courts have long upheld as "a shorthand statement of facts regarding the way she felt". Texas Law of Evidence, McCormick & Ray, p. 819; 19 Tex.Jur., p. 354.

▆ The complaint against appellee's counsel's statement in argument with reference to Dr. Stephen, in effect, "Don't you think that the Gas Company would have brought their own doctor here to testify about it?" is thought to present no reversible error, for these among other reasons:

In the first place, appellant itself brought this matter of Dr. Stephen's equation into the case by its reference, before the jury on voir dire, to the effect that Dr. Stephen was "our doctor", which justified opposing counsel's statement in reply; in the next place, the further undisputed fact was that —at the time of this trial—that physician was much more under the control of the appellant than of the appellee, in that he had never been the latter's physician since the day of this accident, but had been after that time the physician whom the appellant had "selected and appointed as the man to whom we would send cases". Missouri Pacific Ry. Co. v. White, 80 Tex. 202, 15 S.W. 808; Houston E. & W. T. Ry. Co. v. Boone, 105 Tex. 188, 146 S.W. 533; Union Deposit Co. v. Moseley, Tex.Civ.App., 75 S.W.2d 190; Wallace v. Central State Bank, Tex.Civ.App., 270 S.W. 931; Holt v. Collins, Tex.Civ.App., 131 S.W.2d 813; Wells v. Henderson, Tex.Civ.App., 78 S.W.2d 683; Kimmey v. Gulf, C. & S. F. Ry. Co., Tex. Civ.App., 128 S.W.2d 539.

▆ There is no merit in appellant's objection that Mr. and Mrs. Rigden were, prejudicially to it, permitted to testify that they were given no notice from it that "this thing was going to happen", that is, the eruption, since its official who supervised the operations there on the scene of the eruption at the time testified: "I also cautioned everyone around there in general that there would be danger of fire if anyone struck a match to light a cigarette or for any other purpose."

The other specifications for error are overruled for the want of merit, inclusive of the claim for excessiveness in the verdict, whereby the jury awarded the appellee $10,000 for the aggravation of her preexisting heart ailment; an examination of the special issues submitted to them, shows that in each detail the jury were specifically confined, in arriving at fair compensation for the injuries found to have been inflicted upon Mrs. Gomez, to "such physical pain, if any, and mental suffering, if any, as resulted directly and proximately from the aggravation, if any, of her heart ailment, if any, caused directly and proximately from the fright or shock, if any, sustained by her on the occasion in question."

▆▆ Under the evidence since by our authorities such aggravation presented a recoverable element of damages, it is not perceived by this court that the sum awarded should be held so shocking to the

appellate conscience as to require a reversal.

Without further discussion, since these conclusions determine the merits of the appeal, an affirmance of the judgment will be ordered.

Affirmed.